UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR PUBLIC INTEGRITY |
910 17th Street, N.W., 7th Floor |
Washington, DC 20006-2606, |
 |
    Plaintiff, |
 |
v. | Civil Action No.
 |
Federal Communications Commission |
445 12th Street S.W. |
Washington DC 20554-0005, |
 |
    Defendant. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Summary and Background

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*, to compel the production of certain agency records related to local telephone competition and broadband reporting.

2.    In 2004, President George W. Bush declared that it was a national priority to spur the development of broadband, or high-speed Internet access. "I'm talking about broadband technology to every corner of our country by the year 2007 with competition shortly thereafter," Bush said on April 26, 2004. The White House, "President Unveils Tech Initiatives for Energy, Health Care, Internet," http://www.whitehouse.gov/news/releases/2004/04/20040426-6.html (transcript). The ability to understanding the extent of broadband availability within the United States is a crucial step toward achievement of the president's goal.

3.    The defendant, Federal Communications Commission ("the FCC"), examines broadband deployment by collecting FCC Forms 477 ("Local Telephone Competition and Broadband Reporting") from broadband providers. Plaintiff's ongoing project on the political

influence of the telecommunications and media industries, "Well Connected," has published an Internet-based searchable database of the radio, television, newspaper and cable companies reaching any particular zip code. Plaintiff plans to add broadband to its Media Tracker database, which is available online at http://www.publicintegrity.org/telecom. This will aid in the nation's understanding of the extent of broadband availability.

4. In a report released in May 2006, the Government Accountability Office discussed "information [received from the FCC] on the companies providing broadband service in zip codes throughout the United States." *Telecommunications: Broadband Deployment Is Extensive Throughout the United States, but It Is Difficult to Assess the Extent of Deployment Gaps in Rural Areas*, GAO-06-426, http://www.gao.gov/new.items/d06426.pdf, at 49. The GAO's analysis of this FCC Form 477 data allowed them to conclude that the median number of broadband providers within a zip code was two, rather than eight, as was found by the FCC's own analysis of its data. *Id.*, at 17-18.

## Jurisdiction

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

## Parties

6. Plaintiff, Center for Public Integrity, is a District of Columbia corporation and a nonprofit, nonpartisan, tax-exempt organization that conducts investigative research and reporting on public policy issues in the United States and around the world. Plaintiff is the requester of the withheld records.

7. The defendant, Federal Communications Commission ("the FCC"), is an agency of the United States, and has possession of and control over the records that plaintiff seeks.

**Plaintiff's Freedom of Information Request**

8. By letter dated and hand-delivered August 24, 2006, addressed to Shoko B. Hair, FOIA Public Liaison at the FCC, plaintiff requested copies of the following records:

- A database or other similar electronic copy of all records collected with FCC Form 477 ("Local Telephone Competition and Broadband Reporting"). The form is published on the agency's Web site at http://www.fcc.gov/broadband/data.html
- All documentation associated with that database.

**Defendants' Processing of the Request**

9. More than twenty working days have passed since defendant received plaintiff's request. Defendant has not made a determination on plaintiff's request.

10. Plaintiff has a statutory right to the requested records, and there is no legal basis for defendant's failure to make them available to plaintiff.

**Demand for Relief**

WHEREFORE, plaintiff requests that this Court:

1. Declare that defendant's failure to disclose the records requested by plaintiff is unlawful;

2. Order defendant to make the requested records available to plaintiff;

3. Award plaintiff its costs and reasonable attorneys' fees in this action; and

4. Grant such other and further relief as the Court deems just and proper.

                Respectfully submitted,

                _____/s/_____
                Peter Newbatt Smith
                D.C. Bar #458244
                Center for Public Integrity
                910 17th Street, N.W., 7th Floor
                Washington, DC 20006-2606
                202-481-1239
                psmith@publicintegrity.org

                Attorney for Plaintiff

September 25, 2006