**FEDERAL COMMUNICATIONS COMMISSION**
**Washington, D.C.  20554**

September 26, 2006

Drew Clark
Senior Fellow and Project Manager
The Center For Public Integrity
910 17th Street NW, 7th Floor
Washington, DC 20006

      **Re:**    **FOIA Control No. 2006-493**

Dear Mr. Clark:

On behalf of the Commission, the Wireline Competition Bureau has reviewed the above-referenced Freedom of Information Act (FOIA) request filed by The Center For Public Integrity (the "Center").[1]  Because the request seeks records that fall within FOIA exemption 4 and because the Center has failed to present a compelling public interest reason for disclosure, the request is denied.[2]

---

[1] Letter from Drew Clark, Senior Fellow and Project Manager, The Center For Public Integrity, to Shoko B. Hair, FOIA Public Liaison, Office of Managing Director, FCC (filed August 29, 2006) ("*Center FOIA Request*").

[2] *See* 47 C.F.R. § 0.461(f)(1) ("If the Commission is prohibited from disclosing the records in question, the request for inspection will be denied with a statement.").  Because we deny this FOIA request, the Center's request for a waiver of FOIA duplication fees is moot.  *See Center FOIA Request* at 2.  Our response to the *Center FOIA Request* is timely.  FOIA allows agencies 20 working days to respond to FOIA requests.  5 U.S.C. § 552(a)(6)(A)(i).  FOIA requires agencies to make records available in response to any request "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed."  5 U.S.C. § 552(a)(3).  The time period for responding to a FOIA request does not begin to run until the request is received by the appropriate office and officer in the agency, as set forth in the agency's published rules.  *See Blackwell v. EEOC*, No. 2:98-CV-38-BO(2) (E.D.N.C. 1999), at \*2 (1999 WL 1940005) *citing Brumley v. United States Dep't of Labor*, 767 F.2d 444, 445 (8th Cir. 1985).  Under our regulations, when a FOIA request is received by the Office of Managing Director, it is assigned to the FOIA Control Office, where it is date-stamped and assigned to the Bureau that is the custodian of records sought.  47 C.F.R. § 0.461(e).  The Bureau then has 20 working days from that date to respond.  47 C.F.R. § 0.461(g).  In this instance, the *Center FOIA Request*, dated August 24, 2006, was addressed to Shoko Hair, FOIA Public Liaison, not, as our rules and website provide, to the Managing Director.  See 47 C.F.R. § 0.461(d)(1); <http://www.fcc.gov/foia/>.  *See Church of Scientology of Cal. v. IRS*, 792 F.2d 146, 150 (D.C. Cir. 1986) (FOIA requests must be filed in accordance with the agency's rules), *citing* 5 U.S.C. § 552(a)(3)(B).  Even though the *Center FOIA Request* did not technically comply with section 0.461(d)(2), the *Center FOIA Request*  was forwarded to the FOIA Control Office, where it was received, date-stamped and assigned to this Bureau on August 29, 2006.  As the Commission explained in *Jeffrey W. Hanson*, 16 FCC Rcd 16497, 16499 (2001), "The Commission strives to promptly route FOIA requests to the FOIA Control Officer and the custodian of records, but delays sometimes do occur."  Therefore, August 29 started the time clock for processing the *Center FOIA Request*, and a response is due 20 working days from that date – September 27, 2006.

Page 2 of 3

The Center requests (1) "[a] database or other similar electronic copy of all records collected with FCC Form 477," and (2) "[a]ll documentation associated with that database."[3]  We deny both of the Center's requests because we find that the requested records contain commercially sensitive, competitive information and that release would cause harm to the entities that submitted the requested information.  Therefore, we decline to release the requested information pursuant to exemption 4 of FOIA.[4]  We also deny the second request on the grounds that it would encompass deliberative Commission work product.[5]

The Form 477 data collection program requires (1) facilities-based providers of broadband ("high speed") connections to end user locations, (2) providers of wired or fixed wireless local telephone services, and (3) facilities-based providers of mobile telephony services to file with the Commission certain information regarding their telephone services and broadband connections.[6]  In order to apprise the public of the status of this industry, the Commission publishes the High-Speed Services for Internet Access Report and the Local Telephone Competition Report based on this semiannual data collection.[7]

In the *2000 Data Gathering Order*, the Commission adopted several procedures to protect the confidentiality of data submitted to it on Form 477.  The Commission noted commenters' concerns that new entrants could be harmed if competitors learned of the number of lines and customers that they had in a particular market.[8]  The Commission thus agreed to aggregate filed data in its published reports in a way that does not identify company-specific data.[9]  While the Commission recognized that the data collection was mandatory, the Commission also recognized that additional confidentiality protections would encourage voluntary compliance.[10]

Both of the Center's FOIA requests seek data that would permit it first-hand access to company-specific data.  The first request asks for a database of all records collected by each and every company.  The second request seeks all "associated" documentation.  Both requests would necessarily encompass company-specific data derived from filings that the Commission has already determined in prior orders should not be made available to the public.  Furthermore, the second request would encompass documents containing Commission analysis of submitted data, which is protected under the work product privilege.[11]

---

[3] *Center FOIA Request* at 1.

[4] 5 U.S.C. § 552(b)(4) ("*Trade secrets and commercial or financial information*"); 47 C.F.R. § 0.457(d).

[5] 47 C.F.R. § 0.457(e).

[6] *See* Form 477 Instructions § II; *see also Local Competition and Broadband Reporting*, Report and Order, 15 FCC Rcd 7717 (2000) ("*2000 Data Gathering Order*"); *In re Local Telephone Competition and Broadband Reporting*, Report and Order, 19 FCC Rcd 22340 (2004) ("*2004 Data Gathering Order*").

[7] These reports are publicly available at *http://www.fcc.gov/wcb/iatd/stats.html*.

[8] *2000 Data Gathering Order*, 15 FCC Rcd 7717 at paras. 87-88 n.226.

[9] *2000 Data Gathering Order*, 15 FCC Rcd 7717 at para. 91; *2004 Data Gathering Order* 19 FCC Rcd 22340 at para. 24 n.56.

[10] *2000 Data Gathering Order*, 15 FCC Rcd 7717 at para. 91.  We also note that the Commission relied on 47 U.S.C. § 220 as statutory authority when establishing its Form 477 data rules.  *See 2000 Data Gathering Order*, 15 FCC Rcd 7717 at para. 111.  Under section 0.457 of our rules, "[i]nformation submitted in connection with audits, investigations and examination of records pursuant to 47 U.S.C. 220" is deemed to be subject to FOIA exemption 4.  47 C.F.R. § 0.457(d)(iii).

[11] 47 C.F.R. § 0.457(e).

Page 3 of 3

We find that the requested database and associated documentation constitute commercially sensitive, competitive information. Filers customarily guard this data from their competitors, and release would harm their competitive interests by revealing to competitors their market strategies, their customer identities and counts and where they have deployed their services. For example, competitors could use this data to decide where to target their service offerings, facilities construction, and marketing, all to the detriment of Form 477 filers. For these reasons, we conclude that the requested data is protected against disclosure pursuant to FOIA exemption 4.[12]

Once the Commission determines that records fall within exemption 4, as we find here, the requester bears the burden of making a "persuasive showing" that its public interest argument outweighs the arguments for withholding the records.[13] In balancing the public interest argument against the interests underlying protecting the information, "the Commission generally has exercised its discretion to release publicly information falling within FOIA Exemption 4 only in very limited circumstances, such as . . . where the Commission has *identified a compelling public interest in disclosure*."[14] The Center makes no public interest argument in favor of disclosing the requested documents, and we find no such argument in our precedent; thus, we find that there exists no compelling public interest sufficient to override the interests underlying exemption 4.

You may seek review of this decision by filing an application for review with the Office of General Counsel within 30 days of the date of this letter.[15]

                                        Sincerely,


                                        Kirk S. Burgee
                                        Associate Bureau Chief
                                        Wireline Competition Bureau

---

[12] We note that the Center states that it is willing "to narrow the scope of this request." *Center FOIA Request* at 1. We find that our publicly-available reports already publish non-confidential data culled from the Form 477s. *See http://www.fcc.gov/wcb/iatd/stats.html*.

[13] *See In re Examination of Current Policy Concerning the Treatment of Confidential Information Submitted to the Commission*, 13 FCC Rcd 24816 at paras. 19-20 (1998).

[14] *Id.* at para. 8 (emphasis added) ("[T]he Commission has been sensitive to ensuring that the fulfillment of its regulatory responsibilities does not result in the unnecessary disclosure of information that might put its regulatees at a competitive disadvantage.").

[15] *See* 47 C.F.R. § 0.461(j).