## FEDERAL COMMUNICATIONS COMMISSION
### Washington, D.C. 20554

February 22, 2006

Michael J. Doane
ERS Group
2000 Powell Street
Suite 500
Emeryville, CA 94608

    Re:    **FOIA Control No. 2006-094**

Dear Mr. Doane:

On behalf of the Commission, I have reviewed the above-referenced Freedom of Information Act (FOIA) request filed by ERS Group on December 12, 2005.[1] Because the request seeks records that fall within FOIA exemption 4 and because ERS has failed to present a compelling public interest reason for disclosure, the request is denied.[2]

ERS seeks access to two types of records related to FCC Form 477.[3] The Commission uses Form 477 data to produce semiannual reports on the status of local telephone service competition and the deployment of broadband ("high speed") Internet access services, and publishes some of the submitted data in aggregated form.[4] ERS in each case seeks release of Form 477-derived information that is (1) non-aggregated and (2) company-specific. We deny both ERS requests because we find that the requested records contain commercially sensitive, competitive information and that release would cause harm to the carriers that submitted the requested information. As such, release of the requested information may be denied pursuant to exemption

---

[1] FOIA Control No. 2006-094 Email from Michael J. Doane, ERS Group, to FCC FOIA Mailbox (Dec. 12, 2005) ("*ERS FOIA Request*"). ERS Group and the Wireline Competition Bureau ("WCB") agreed that WCB would issue a disposition of this FOIA request by February 22, 2006. *See* Email from Thomas J. Beers, Deputy Division Chief, Industry Analysis and Technology Division, WCB, to Michael J. Doane, ERS Group (Jan. 14, 2006).

[2] *See* 47 C.F.R. § 0.461(f)(1) ("If the Commission is prohibited from disclosing the records in question, the request for inspection will be denied with a statement.").

[3] *See Local Competition and Broadband Gathering Reporting*, CC Docket No. 99-301, Report and Order, 15 FCC Rcd 7717 (2000) ("*Data Gathering Order*").

[4] *See*, *e.g.*, *High-Speed Services for Internet Access*: *Status as of December 31, 2004*, Report (July 2005), *available at*: http://www.fcc.gov/Bureaus/Common_Carrier/Reports/FCC-State_Link/IAD/hspd0705.pdf; *Local Telephone Competition: Status as of December 31, 2004*, Report (July 2005), *available at*: http://www.fcc.gov/Bureaus/Common_Carrier/Reports/FCC-State_Link/IAD/lcom0705.pdf.

Mr. Michael J. Doane
February 22, 2006
Page 2 of 4

4 of FOIA.[5] As discussed further below, we also find that one of ERS's requests seeks records that do not exist.

First, ERS requests "non-redacted" copies of Tables 9 and 10 of the *High Speed Services for Internet* Reports for the period from December 1999 to December 2004.[6] These two tables report ADSL and cable modem lines on an aggregated basis for each state. In the *Data Gathering Order*, the Commission adopted several procedures to protect the confidentiality of data submitted to it on Form 477. The Commission noted commenters' concerns that new entrants could be harmed if competitors learned of the number of lines and customers that they had in a particular market.[7] The Commission agreed to aggregate filed data in its published reports so that readers would not be able to identify company-specific data.[8] While the Commission recognized that the data collection was mandatory, the Commission also recognized that additional confidentiality protections would encourage voluntary compliance.[9]

Consistent with this policy to avoid publishing data in a manner that would permit readers to identify company-specific data, the Commission also decided not to report any data for states where an aggregate number might disclose company-specific data. In these instances, Tables 9 and 10 of the reports place an asterisk ("*") where the aggregated data otherwise would appear. ERS requests copies of Tables 9 and 10 that in all cases display the aggregated data. We therefore deny this first request under FOIA exemption 4 because granting it would permit ERS and others to identify company-specific data that, as discussed below, we conclude are commercially and competitively sensitive. Moreover, we deny this request because "non-redacted" copies of the requested tables were not prepared by Commission staff and do not exist. When Commission staff determined that aggregated data for a certain Table's line item did not sufficiently protect the confidentiality of the data, staff inserted an asterisk into the draft table. FOIA does not require the Commission to create new records upon demand.[10]

Second, ERS requests all of the non-redacted Form 477 filings made by the Regional Bell operating companies ("RBOCs") and GTE between March 1, 2000, and March 1, 2005.[11]

---

[5] 5 U.S.C. § 552(b)(4) ("*Trade secrets and commercial or financial information*"); 47 C.F.R. § 0.457(d).

[6] *ERS FOIA Request* at 1.

[7] *Data Gathering Order*, 15 FCC Rcd 7717 at paras. 87-88 n.226.

[8] *Data Gathering Order*, 15 FCC Rcd 7717 at para. 91; *In re Local Telephone Competition and Broadband Reporting*, WC Docket No. 04-141, Report and Order, 19 FCC Rcd 22340 para. 24 n.56 (2004) ("*Local Telephone Order*") (retaining confidential treatment of Form 477 data, "including the exclusive use of aggregated data in our published reports").

[9] *Id.*

[10] *See* 47 C.F.R. 0.461(f)(6) ("In locating and recovering records responsive to a FOIA request, only those records within the Commission's possession or control as of the date of its receipt shall be considered."). We therefore disagree with ERS that we can isolate non-exempt records from exempt records. *See* Letter from Michael J. Doane, Director, ERS Group, to Shoko Hair, Office of Managing Director, FCC (Feb. 8, 2006) ("*ERS FOIA Reply*").

[11] *ERS FOIA Request* at 1. We note that some of the local telephone data reported in the Form 477 filings are available on the web. *See* http://www.fcc.gov/wcb/iatd/comp.html. In the *Local Telephone Order*, we stated that we will "continue the current practice of publishing most of the local telephone information reported by the Bell operating companies after consultation with individual companies." *Local Telephone Order*, 19 FCC Rcd 22340 at para. 24.

Mr. Michael J. Doane
February 22, 2006
Page 3 of 4

Of these entities (or their current successors), AT&T, BellSouth and Verizon objected to the

release of their data,[12] and Qwest did not object to the release of its data.[13]  AT&T, BellSouth and Verizon all state that their data are customarily guarded from competitors, and that release would harm their competitive interests by revealing to competitors their customer counts and where they have deployed their services.  We agree with their legal analysis and conclusions.[14]  For these reasons, we conclude that their data are protected against disclosure pursuant to FOIA exemption 4.[15]  On our own motion, we also decline to release Qwest's data.[16]  We find that making Qwest's data publicly available would reveal competitive, confidential data of other companies whose data are aggregated with Qwest's data in the Commission reports.

Once the Commission determines that records fall within exemption 4, as we find here, the requester bears the burden of making a "persuasive showing" that its public interest argument outweighs the arguments for withholding the records.[17]  In balancing the public interest argument against the interests underlying protecting the information, "the Commission generally has exercised its discretion to release publicly information falling within FOIA Exemption 4 only in very limited circumstances, such as . . . where the Commission has *identified a compelling public interest in disclosure*."[18]  ERS states that it needs access to the requested records in order to

---

[12] *See* Letter from Bennett L. Ross, BellSouth General Counsel, to Shoko Hair, Office of Managing Director, FCC (Jan. 25, 2006); Letter from Bennett L. Ross, BellSouth General Counsel, to Shoko Hair, Office of Managing Director, FCC (February 17, 2006)(opposing release of BellSouth Form 477 data but not opposing release of unredacted Tables 9 and 10); Letter from Ann D. Berkowitz, Associate Director, Verizon Regulatory Advocacy, to Shoko Hair, Office of Managing Director, FCC (Jan. 25, 2006); Letter from Jim Lamoureux, Senior Counsel, AT&T, to Shoko Hair, Office of Managing Director, FCC (Jan. 25, 2006).

[13] *See* Letter from Gregory M. Smith, Manager, Qwest Public Policy, to Shoko Hair, Office of Managing Director, FCC (Jan. 16, 2006).

[14] *But see ERS FOIA Reply* at 6-7 (arguing that carriers have not demonstrated requested data are competitively sensitive or that release would cause substantial harm).

[15] 47 C.F.R. § 0.457(d)(2).  We find unconvincing ERS's argument that some of this data is no longer commercially sensitive.  *See Local Telephone Competition Order*, 19 FCC Rcd 22340 at para. 24 (declining to adopt a different confidentiality approach with regard to historical Form 477 data).  We also note that the Commission relied on 47 U.S.C. 220 as statutory authority when establishing its Form 477 data rules.  *See Data Gathering Order*, 15 FCC Rcd 7717 at para. 111.  Under section 0.457 of our rules, "[i]nformation submitted in connection with audits, investigations and examination of records pursuant to 47 U.S.C. 220" is deemed to be subject to FOIA exemption 4.  47 C.F.R. § 0.457(d)(iii).

[16] 47 C.F.R. § 0.457(d)(2) ("In the absence of a request for non-disclosure, the Commission may, in the unusual instance, determine on its own motion that the materials should not be routinely available for public inspection."); 47 C.F.R. § 0.460(f) ("If no request for confidentiality is submitted, the Commission assumes no obligation to consider the need for non-disclosure but, in the unusual circumstance, may determine on its own motion that the materials should be withheld from public inspection.").

[17] *See In re Examination of Current Policy Concerning the Treatment of Confidential Information Submitted to the Commission*, 13 FCC Rcd 24816 at paras. 19-20 (1998).

[18] *Id.* at para. 8 (emphasis added) ("[T]he Commission has been sensitive to ensuring that the fulfillment of its regulatory responsibilities does not result in the unnecessary disclosure of information that might put its regulatees at a competitive disadvantage.").

Mr. Michael J. Doane
February 22, 2006
Page 4 of 4

research the effects of cable modem deployment on DSL deployment.[19]  We find that this is not a compelling public interest sufficient to override the interests underlying exemption 4.

You may seek review of this decision by filing an application for review with the Office of General Counsel within 30 days of the date of this letter.[20]

                    Sincerely,

                    Kirk S. Burgee
                    Associate Bureau Chief,
                    Wireline Competition Bureau


Cc    Bennett L. Ross
       Ann D. Berkowitz
       Gregory M. Smith
       Jim Lamoureux

---

[19] *ERS FOIA Reply* at 2 (arguing that the Form 477 records contain the best data available).

[20] *See* 47 C.F.R. § 0.461(j).