UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------------------------x
:
CENTER FOR PUBLIC INTEGRITY　　　　　　　　　　:
910 17th Street N.W., 7th Floor
Washington, D.C. 20006-2606　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　　　　:　　**Civil Action No. 06-1644 (RMC)**
　　　　　　v.
　　　　　　　　　　　　　　　　　　　　　　　　　:
FEDERAL COMMUNICATIONS
COMMISSION　　　　　　　　　　　　　　　　　　:
445 12th Street, S.W.
Washington, D.C. 20554-0005　　　　　　　　　　　:

　　　　　　　　　　　　Defendant.　　　　　　　　:

-----------------------------------------------------------------x

**MEMORANDUM OF CTIA – THE WIRELESS ASSOCIATION® ("CTIA")
IN SUPPORT OF ITS UNOPPOSED MOTION
FOR LEAVE TO FILE A BRIEF *AMICUS CURIAE***

　　　　CTIA – The Wireless Association® ("CTIA"), by its undersigned counsel, respectfully submits this memorandum in support of its unopposed request for the entry of an order granting CTIA leave to file a brief *amicus curiae* in support of Defendant Federal Communications Commission's ("FCC") motion for summary judgment.

　　　　Pursuant to Local Civil Rule 7(m), counsel for CTIA has discussed this motion with counsel for both parties. Both parties have stated that they do not oppose this motion, and both have consented to the filing of CTIA's brief *amicus curiae*.

　　　　CTIA is an international trade association that represents wireless carriers and manufacturers involved in broadband and advanced telecommunications services. Its members include the Nation's largest wireless broadband providers, including Verizon Wireless, T-Mobile USA, Sprint Nextel, and Cingular Wireless, as well as many smaller providers, such as Alaska

Communications Systems and Cellular South. CTIA's purpose in filing this brief is to provide an industry perspective on the issues presented in this case and to highlight the serious harm to CTIA's members and the public interest that would result from forced disclosure of the confidential information sought by the Plaintiff.[1]

In this case, Plaintiff has asked the Court to compel disclosure of "Form 477" data submitted to the FCC by CTIA members and other broadband providers. *See* Compl. ¶¶ 1-10. Form 477 contains highly confidential commercial data – data "concerning the deployment of advanced telecommunications capability" (*i.e.*, broadband). 47 C.F.R. §§ 1.7000, 1.7001(d) (2006). As the FCC has explained, the data fall squarely within FOIA Exemption 4, which protects "trade secrets and commercial or financial information" from disclosure. *See* FCC Letter, FOIA Control No. 2006-493 (Sept. 26, 2006), at 2 (attached as Exhibit 2 to Brief of CTIA as *Amicus Curiae*).

CTIA seeks leave to participate as an *amicus curiae* to highlight for the Court the important implications of this case for CTIA's members and competition in the wireless broadband marketplace.[2] By reflecting the collective experience and concerns of its members,

---

[1] "[A]n amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (granting association leave to file amicus brief). District courts have "broad inherent authority to permit or deny an appearance as amicus curiae in a given case." *Mausolf v. Babbitt*, 158 F.R.D. 143, 148 (D. Minn. 1994) (granting association leave to file amicus brief in support of summary judgment because the association had "knowledge, experience and a perspective, all of which are specifically related to the [facts], which may assist the Court in its resolution of the issues raised by the parties in this case"). In moving for leave to file a brief *amicus curiae*, CTIA seeks to fulfill "the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). Moreover, courts encourage *amicus curiae* briefs because they "focus the court's attention on the broader implications of various possible rulings." Robert L. Stern *et al.*, Supreme Court Practice § 13.14, at 660 (8th ed. 2002) (quoting Bruce Ennis, *Effective Amicus Briefs*, 33 CATH. U. L. REV. 603, 608 (1984)).

[2] The competitive effects of disclosure play a critical role in determining whether FOIA Exemption 4 applies. *See McDonnell Douglas Corp. v. United States Dep't of the Air Force*, 375 F.3d 1182, 1187 (D.C. Cir. 2004). CTIA's brief focuses on the competitive effects of disclosure on CTIA's members and in the wireless broadband marketplace, and thus it offers a unique perspective from the FCC's memorandum, which focuses on broadband more generally.

CTIA brings to this case a unique and valuable perspective on the issues before the Court. Among other things, CTIA's proffered brief makes clear that this is a matter with broad, industry-wide implications, the resolution of which would have important effects on CTIA's members and competition by wireless broadband service providers.

CTIA also seeks leave to participate as an *amicus curiae* because Plaintiff's FOIA request seeks disclosure of data submitted by CTIA's members, including Verizon Wireless, T-Mobile USA, Sprint Nextel, Cingular Wireless, Alaska Communications Systems, and Cellular South.[3] This Court has routinely allowed parties to participate in similar situations as either "intervenors as of right"[4] or as amici.[5] Allowing the brief would help the Court understand the competitive issues at stake and it would result in a lesser administrative burden on the Court and the parties than if every party that submitted a Form 477 intervened in this case.

The parties have consented to CTIA's filing of the attached brief *amicus curiae*. CTIA respectfully requests that the Court enter an order granting CTIA's motion for leave to file a brief *amicus curiae* in support of the FCC's motion for summary judgment.

---

[3] In proceedings before the FCC, CTIA has consistently explained that the Form 477 data provided by CTIA members are competitively sensitive information, that the FCC should not disclose under FOIA. *See, e.g.*, Comments of CTIA – The Wireless Association®, WC Dkt. No. 04-141, at 7 (filed June 28, 2004) ("Any publication of individual company data would seriously compromise carriers' confidentiality and would harm the competitive marketplace."). As the primary trade association for wireless carriers and manufacturers, CTIA has a substantial interest in protecting its members' extensive investments in confidential trade secrets and proprietary information.

[4] *See, e.g., Appleton v. FDA*, 310 F. Supp. 2d 194, 195-97 (D.D.C. 2004) (allowing manufacturers to intervene as of right where a plaintiff sought disclosure of forms that allegedly contained trade secrets and confidential information); *Fisher v. Renegotiation Bd.*, 355 F. Supp. 1171, 1173 (D.D.C. 1973) (allowing company to intervene as of right to protect documents allegedly protected by FOIA Exemption 4); *Allnet Commc'n Servs., Inc. v. FCC*, 800 F. Supp. 984, 988 (D.D.C. 1992), *aff'd*, No. 92-5351, 1994 U.S. App. LEXIS 40831 (D.C. Cir. May 27, 1994) (allowing telecommunications carriers to intervene in FOIA Exemption 4 case). *Accord Weisberg v. United States Dep't of Justice*, 631 F.2d 824, 830 n.41 (D.C. Cir. 1980) (stating that reverse-FOIA advocates should be "permitted to intervene as of right in [a] FOIA action").

[5] *See, e.g., Pub. Citizen Health Research Group v. FDA*, 185 F.3d 898 (D.C. Cir. 1999) (allowing trade association to participate in FOIA Exemption 4 case as amicus); *Davis Corp. v. United States*, No. 87-3365, 1988 U.S. Dist. LEXIS 17611, at *3 (D.D.C. Jan. 19, 1988) (allowing participation of a party as an amicus in FOIA Exemption 4 case where its motion to intervene was belated).

Respectfully submitted,

_____
Theodore Case Whitehouse (D.C. Bar. No. 298331)
Bernard A. Nigro Jr. (D.C. Bar No. 412347)
Daniel K. Alvarez (D.C. Bar No. 500173)
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
202.303.1000 (telephone)
202.303.2000 (facsimile)
twhitehouse@willkie.com
bnigro@willkie.com
dalvarez@willkie.com

Michael F. Altschul (D.C. Bar No. 352666)
CTIA – The Wireless Association®
1400 16th Street, N.W. Suite 600
Washington, D.C. 20036
202.736.3248 (telephone)
202.785.8203 (facsimile)

Dated: January 8, 2007

Counsel for
CTIA – The Wireless Association®