**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY,<br>   910 17th Street, N.W., 7th Floor<br>   Washington, D.C. 20006,<br><br>      Plaintiff,<br><br>      v.<br><br>FEDERAL COMMUNICATIONS<br>COMMISSION,<br>   445 12th Street S.W.<br>   Washington, D.C. 20554,<br><br>      Defendant,<br><br>      and<br><br>AT&T INC.,<br>   1120 20th Street, N.W.<br>   Washington, D.C. 20036,<br><br>VERIZON,<br>   1300 I Street, N.W., Suite 400 West<br>   Washington, D.C. 20005,<br><br>UNITED STATES TELECOM<br>ASSOCIATION,<br>   607 14th Street, N.W., Suite 400<br>   Washington, D.C. 20005,<br><br>      Proposed Intervenor-Defendants. | Civil Action No. 06-01644 (RMC) |

**UNOPPOSED MOTION OF AT&T INC., VERIZON, AND THE
UNITED STATES TELECOM ASSOCIATION TO INTERVENE**

      Pursuant to Rule 24 of the Federal Rules of Civil Procedure, AT&T Inc., Verizon,[1] and

the United States Telecom Association ("USTelecom") (collectively, "Movants") hereby move

---

[1] Verizon includes (1) the regulated, wholly-owned subsidiaries of Verizon Communications Inc., and (2) Cellco Partnership d/b/a Verizon Wireless, a joint venture between Verizon Communications Inc. and Vodafone Group PLC.

to intervene in this matter in support of defendant the Federal Communications Commission ("FCC" or "Commission").  The documents and records that plaintiff Center for Public Integrity ("Center") seeks to obtain through the Freedom of Information Act ("FOIA") include information that is proprietary to Movants.  Movants — or, in the case of USTelecom, its members — provided that information to the FCC pursuant to mandatory reporting requirements that assured confidentiality.  That information, moreover, is competitively sensitive and could, if disclosed, compromise Movants' competitive interests.  Movants thus have an overriding interest in preventing the disclosure of the information at issue, which is the very object of the Center's complaint.

Movants are entitled to intervene as of right, pursuant to Rule 24(a), to protect the information at issue from disclosure.  In the alternative, Movants should be granted permissive intervention under Rule 24(b), as Movants seek to raise questions of law in common with issues already presented in the case, and Movants' participation will not unduly delay the proceedings or cause prejudice to any party.

Pursuant to Local Rule 7(m), Movants have consulted with the parties concerning this motion and are authorized to state that the motion is not opposed.  In addition, pursuant to Local Rules 7(c) and 7(j), attached to this motion are a proposed order granting intervention (Attach. 1), Movants' answer to the complaint (Attach. 2), and Movants' Motion for Summary Judgment and accompanying Memorandum in Support (Attach. 3).

## BACKGROUND

In March 2000, pursuant to its statutory authority under 47 U.S.C. § 220, the FCC adopted a mandatory reporting requirement for facilities-based providers of broadband Internet connections to end user locations, providers of wireless local telephone services, and facilities-

2

based providers of mobile telephony services. The "Form 477," as the mandatory report is known, must be filed with the FCC twice a year (on March 1 and September 1) for each state in which a service provider conducts business. Filers are required to disclose detailed commercial information, including the number of users to which services are provided and could be provided, geographic location and type of customers (business vs. residential), and type and speed of telephone and broadband connections. Pursuant to FCC Rules 0.457(d)(1) and 0.459, the FCC collects this information on a confidential basis and does not routinely make this information available for public inspection. Movants fully complied with the FCC reporting requirements.[2]

On August 29, 2006, the Center submitted a FOIA request demanding "[a] database or other similar electronic copy of all records collected with FCC Form 477" and "[a]ll documentation associated with that database."[3] On September 25, 2006, prior to receiving a response from the agency, the Center initiated this action. The next day, September 26, 2006, the FCC's Wireline Competition Bureau denied the Center's request. The Bureau explained that the records sought were exempt from disclosure under FOIA Exemption 4, because the requested database and associated documentation contained "commercially sensitive, competitive information" that "[f]ilers customarily guard from their competitors."[4]

---

[2] Movant USTelecom is a trade organization that does not itself provide service but whose members include service providers subject to the Form 477 reporting requirements.

[3] Comp. ¶ 8 (filed Sept. 25, 2006).

[4] Letter from Kirk S. Burgee, Associate Bureau Chief, Wireline Competition Bureau, to Drew Clark, Senior Fellow and Project Manager, The Center For Public Integrity, at 3 (Sept. 26, 2006).

## DISCUSSION

"Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained.'"[5] The information at issue in this matter belongs to Movants, and it is the Movants that have the most at stake in whether the information is disclosed. Whether evaluated under Rule 24(a) (intervention as of right) or Rule 24(b) (permissive intervention), "greater justice could be attained" by permitting Movants to participate in the action before this Court.

### I.   MOVANTS ARE ENTITLED TO INTERVENE AS OF RIGHT

Under Rule 24(a), a party may intervene as of right where: (1) the application is "timely"; (2) the applicant "claims an interest relating to the property or transaction which is the subject of the action"; (3) "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) the applicant's interest is inadequately represented "by existing parties."[6] Movants' application satisfies each of the requirements for intervention as of right.

#### A.   Movants' Application Is Timely

Movants are filing this unopposed motion, along with their proposed answer and motion for summary judgment, on the same day that the FCC is submitting its first responsive pleading in this matter. There have been no substantive developments in the case since the Center filed its complaint. Granting Movants party status thus would not delay the case. Because Movants' application to intervene comes "on the heels of the case's filing" and without any intervening material developments, it is "clearly timely."[7]

---

[5] *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).

[6] *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003); *see* Fed. R. Civ. P. 24(a).

[7] *Johnson v. City of Dallas*, 155 F.R.D. 581, 583 (N.D. Tex. 1994); *see, e.g.*, *Appleton v. FDA*, 310 F. Supp. 2d 194, 197 (D.D.C. 2004).

4

B. **Movants Have a Substantial Interest in the Subject Matter of the Action**

As noted above, the information sought by the Center is comprised in large part of information Movants provided to the FCC. Movants produced that information to the FCC in compliance with mandatory FCC reporting requirements and they maintain that it is exempt from disclosure under FOIA. In these circumstances — *i.e.*, where Movants have "a legally cognizable interest in maintaining the confidentiality" of the information that plaintiff seeks — Movants "readily" meet Rule 24(a)'s requirement that they have an interest in the subject matter of the litigation.[8]

C. **The Disposition of This Case May Impair Movants' Ability To Protect Their Interests in the Subject Matter**

For similar reasons, the disposition of this case could impair Movants' ability to maintain the confidentiality of the information at issue. "Once the information" included in Movants' Forms 477 "is released, 'the cat is out of the bag,'" and Movants' interest in the confidentiality of that information "would be forever lost."[9] Because such disclosure would, to put it mildly, "impair [Movants'] ability to protect" the confidentiality of their information, it is clear that the

---

[8] *In re Sealed Case*, 237 F.3d 657, 663-64 (D.C. Cir. 2001); *see United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1291 (D.C. Cir. 1980) (party opposing discovery of documents it created had an interest in subject matter for purposes of Rule 24(a)). "[A] party seeking to intervene as of right must [also] demonstrate that it has standing under Article III of the Constitution." *Fund for Animals*, 322 F.3d at 731-32. The question of constitutional standing, however, is coextensive with the question of whether a potential intervenor has an interest in the subject matter of the action: because Movants have a demonstrated interest in the information that is the subject matter of this action, they also satisfy the requirements for Article III standing. *See id.* at 735; *see also Appleton*, 310 F. Supp. 2d at 197 ("disclosure of [applicants'] trade secrets or confidential information would cause [applicants] to suffer an injury-in-fact that intervention to defend against disclosure could redress"). As a trade association whose members are subject to Form 477 reporting requirements and thus subject to injury from disclosure of the information contained in the Form 477, USTelecom has associational standing under Article III. *See, e.g., Sierra Club v. Morton*, 405 U.S. 727, 739 (1972) ("It is clear that an organization whose members are injured may represent those members in a proceeding for judicial review.").

[9] *In re Sealed Case*, 237 F.3d at 664 (quoting *In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998)).

5

disposition of the action may as a practical matter impair Movants' confidentiality interest.[10]

Nothing more is required to meet this third prong of the Rule 24(a) test.[11]

### D. Movants Are Not Adequately Represented by the Existing Parties

Finally, Movants' interest in this litigation is not "adequately represented by existing parties."[12] The inadequate-representation prong of Rule 24(a) "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."[13] Here, the party upon which the proposed intervenors must rely is the federal government, and, in a FOIA case such as this, "governmental entities do not adequately represent the interests of aspiring intervenors."[14] That is because, "[i]n contrast to [Movants'] interest in protecting [their]" information from disclosure, "the plaintiff's interest lies in disclosure and [the government's] interest lies in responding appropriately to the plaintiff's request."[15]

Equally important, Intervenors are uniquely situated to articulate the competitive concerns arising from disclosure. Furthermore, as noted above, the documents and records at issue were submitted by Intervenors (and others), and it is therefore Intervenors that would be primarily harmed by disclosure. The government thus has neither the expertise nor the incentive to adequately represent Intervenors' interests here.

---

[10] *Appleton*, 310 F. Supp. 2d at 197.

[11] *See id*; *see also* 7C Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1908, at 302 (2d ed. 1986) ("The rule is satisfied whenever disposition of the present action would put the applicant at a practical disadvantage in protecting his interest.").

[12] Fed. R. Civ. P. 24(a).

[13] *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972), *quoted in Fund for Animals*, 322 F.3d at 735.

[14] *Fund for Animals*, 322 F.3d at 736.

[15] *Appleton*, 310 F. Supp. 2d at 197; *see Fund for Animals*, 322 F.3d at 736.

6

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT PERMISSIVE INTERVENTION

Permissive intervention is authorized "[u]pon timely application . . . when an applicant's claim or defense and the main action have a question of law or fact in common."[16] Whether to grant permissive intervention rests in the discretion of the Court.[17] In exercising that discretion, "the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."[18] Movants satisfy each of the requirements for permissive intervention.

*First*, as explained on page 4 above, Movants' motion is timely.

*Second*, Movants' defense against disclosure of their Forms 477 includes questions of law in common with the main action. In particular, as noted above, Movants maintain that the information at issue is exempt from disclosure under FOIA Exemption 4. Movants will thus seek to establish that the FCC properly applied that exemption in denying the Center's FOIA request. The second prong of Rule 24(b) is accordingly satisfied.

*Third*, permissive intervention would not unduly delay resolution of the case or prejudice the rights of other parties. Movants are submitting their proposed answer and motion for summary judgment on the same day that the FCC is filing its first responsive pleading. Because the Center's FOIA challenge is a legal one that likely will be resolved on the pleadings and is in any event unlikely to warrant the development of a significant evidentiary record, "there is no

---

[16] Fed. R. Civ. P. 24(b).

[17] *See Building & Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994).

[18] Fed. R. Civ. P. 24(b).

reason to fear 'issue proliferation,' 'confusion,' 'extra cost,' or 'an increased risk of error'" stemming from Movants' participation in the case.[19]

On the other side of the coin, denial of intervention would prejudice Movants by preventing them from defending against disclosure of confidential information included in forms that Movants were required to submit to the FCC. Permissive intervention is accordingly warranted.

## **CONCLUSION**

The Court should grant Movants intervenor status and direct the Clerk of the Court to file Movants' proposed answer and their motion for summary judgment, which are attached hereto.

Respectfully submitted,

/s/ Colin S. Stretch

| | |
|---|---|
| James P. Lamoureux (D.C. Bar No. 431631) | Colin S. Stretch (D.C. Bar No. 470193) |
| AT&T INC. | KELLOGG, HUBER, HANSEN, TODD, |
| 1120 20th Street, N.W. |   EVANS & FIGEL, P.L.L.C. |
| Washington, D.C. 20036 | 1615 M Street, N.W., Suite 400 |
| *Counsel for AT&T Inc.* | Washington, D.C. 20036 |
| | Telephone: (202) 326-7900 |
| Michael E. Glover | Facsimile: (202) 326-7999 |
| Edward Shakin (D.C. Bar No. 450495) | *Counsel for AT&T Inc., Verizon, and the* |
| William H. Johnson (D.C. Bar No. 481876) |   *United States Telecom Association* |
| VERIZON | |
| 1515 North Courthouse Road, Suite 500 | James W. Olson (D.C. Bar No. 923169) |
| Arlington, Virginia 22201 | UNITED STATES TELECOM ASSOCIATION |
| (703) 351-3099 | 607 14th Street, N.W., Suite 400 |
| *Counsel for Verizon* | Washington, D.C. 20005-2164 |
| | (202) 326-7300 |
| | *Counsel for United States Telecom Association* |

---

[19] *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1236 (D.C. Cir. 2004) (quoting *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997)).

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January, 2007, I served, via first class mail, a true and correct copy of the foregoing document and its attachments to:

Peter Newbatt Smith
CENTER FOR PUBLIC INTEGRITY
910 17th Street, N.W.
7th Floor
Washington, D.C. 20006-2606
Tel: (202) 481-1239
psmith@publicintegrity.org

*Counsel for Center for Public Integrity*


Wyneva Johnson
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 514-7224
Fax: (202) 514-8780
wyneva.johnson@usdoj.gov

*Counsel for the Federal Communications Commission*


                                          /s/   Emily S. Albertson