UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR PUBLIC INTEGRITY,

    Plaintiff,

    v.

FEDERAL COMMUNICATIONS
COMMISSION,

    Defendant.

Civil Action No. 06-01644 (RMC)

**PROPOSED STATEMENT OF UNDISPUTED MATERIAL FACTS OF INTERVENOR-DEFENDANTS AT&T INC., VERIZON, AND THE UNITED STATES TELECOM ASSOCIATION**

Intervenor-Defendants AT&T Inc., Verizon, and the United States Telecom Association ("USTelecom") (collectively, "Intervenors") hereby offer the following proposed undisputed material facts:

1.    Pursuant to its statutory authority under 47 U.S.C. § 220, the Federal Communications Commission ("FCC" or "Commission") requires facilities-based providers of broadband Internet connections to end user locations, providers of local telephony services, and facilities-based providers of mobile telephony services to submit a completed Form 477 twice a year. *See* Form 477 Reporting Requirements & Deployment Data, *available at* http://www.fcc.gov/broadband/data.html. Following each submission deadline, the FCC aggregates the information submitted in a way that safeguards individual service provider's identities and releases reports to the public. *See* Report and Order, *Local Competition and Broadband Reporting*, 15 FCC Rcd 7717, 7758-59, ¶¶ 87-88, 7760, ¶ 91 (2000) ("*2000 Data Gathering Order*"); *Local Telephone Competition and Broadband Reporting*, 19 FCC Rcd 22340, 22352, ¶ 24 & n.56 (2004) ("*2004 Data Gathering Order*").

2. On August 24, 2006, plaintiff Center for Public Integrity ("Center") submitted to Ms. Shoko B. Hair, FOIA Public Liaison at the Commission, a request for records pursuant to the Freedom of Information Act ("FOIA"). Stretch Decl. Exh. A at 1 (Letter from Drew Clark, Senior Fellow and Project Manager, The Center for Public Integrity, to Shoko B. Hair, FOIA Public Liaison, Office of Managing Director, FCC (Aug. 24, 2006)). The Center requested "[a] database or other similar electronic copy of all records collected with FCC Form 477" and "[a]ll documentation associated with that database." *Id.*

3. The Center's request was not addressed to the Managing Director of the FCC. *See id.*

4. The FCC rerouted the Center's request to the FOIA Control Office for forwarding to the appropriate Bureau and it was deemed received on August 29, 2006. *See* Stretch Decl. Exh. B at 1 n.2 (Letter from Kirk S. Burgee, Associate Bureau Chief, Wireline Competition Bureau, to Drew Clark, Senior Fellow and Project Manager, The Center For Public Integrity (Sept. 26, 2006)).

5. The Center filed the instant Complaint on September 25, 2006.

6. The FCC's Wireline Competition Bureau ("Bureau") denied the Center's FOIA request in a letter dated September 26, 2006. *See id.* at 1. The Bureau explained that the information sought was exempt from disclosure under FOIA Exemption 4, *see id.* at 1, 2 & n.11, which protects "matters that are . . . trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552 (b)(4). *See also* 47 C.F.R. § 0.457(e).

7. The Form 477 includes information that is "commercial or financial" for purposes of FOIA. *See* Joint Declaration of John A. Wimsatt, Larry Zeppetella, and Thomas Y. Ikegami

2

on behalf of Verizon ¶¶ 9-10 ("Verizon Joint Decl."); Joint Declaration of Mark Keiffer, Robert W. Quinn, Jr., and Rick Welday, Jr. on behalf of AT&T Inc. ¶¶ 6-7 ("AT&T Joint Decl."); Declaration of Kevin J. Albaugh on behalf of North Pittsburgh Telephone Company ¶ 3 ("NPTC Decl.").

8. The entities that file the Form 477 with the FCC are "persons" for purposes of FOIA.

9. The Form 477 includes information that is confidential to Intervenors and that Intervenors protect as proprietary. *See* Joint Verizon Decl. ¶ 5; Joint AT&T Decl. ¶ 5; NPTC Decl. ¶ 4.

10. Broadband, local telephony, and wireless services are characterized by actual competition. *See* Joint Verizon Decl. ¶¶ 13, 15; Joint AT&T Decl. ¶¶ 9-10; NPTC Decl. ¶ 4.

11. If the information contained in the Forms 477 filed with the FCC were disclosed to the public, Intervenors AT&T Inc. and Verizon and constituent members of USTelecom would be likely to suffer substantial competitive harm. *See* Joint Verizon Decl. ¶¶ 11-16; Joint AT&T Decl. ¶¶ 8-10; NPTC Decl. ¶¶ 4-5.

12. If the information contained in the Forms 477 filed with the FCC were disclosed to the public, the FCC's efforts to collect industry data in the future would be impeded. *See 2000 Data Gathering Order*, 15 FCC Rcd at 7760, ¶ 91.

13. The FCC has consistently treated the information collected on the Form 477 as confidential and competitively sensitive. *See*, *e.g.*, *id.* at 7758, ¶ 87.

Respectfully submitted,

/s/ Colin S. Stretch

_____

| | |
|---|---|
| James P. Lamoureux (D.C. Bar No. 431631)<br>AT&T INC.<br>1120 20th Street, N.W.<br>Washington, D.C. 20036<br>*Counsel for AT&T Inc.*<br><br>Michael E. Glover<br>Edward Shakin (D.C. Bar No. 450495)<br>William H. Johnson (D.C. Bar No. 481876)<br>VERIZON<br>1515 North Courthouse Road, Suite 500<br>Arlington, Virginia 22201<br>(703) 351-3099<br>*Counsel for Verizon* | Colin S. Stretch (D.C. Bar No. 470193)<br>KELLOGG, HUBER, HANSEN, TODD,<br>  EVANS & FIGEL, P.L.L.C.<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036<br>Telephone: (202) 326-7900<br>Facsimile: (202) 326-7999<br>*Counsel for AT&T Inc., Verizon, and the United States Telecom Association*<br><br>James W. Olson (D.C. Bar No. 923169)<br>UNITED STATES TELECOM ASSOCIATION<br>607 14th Street, N.W., Suite 400<br>Washington, D.C. 20005-2164<br>(202) 326-7300<br>*Counsel for United States Telecom Association* |

4