UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY,   )<br>   )<br>   *Plaintiff,*   )<br>   )<br>v.   )<br>   )<br>FEDERAL COMMUNICATIONS   )<br>COMMISSION,   )<br>   )<br>   *Defendant.*   ) | Civil Action No. 06-1644 (RMC) |

MOTION OF THE WIRELESS COMMUNICATIONS
ASSOCIATION INTERNATIONAL TO INTERVENE AS A DEFENDANT

The Wireless Communications Association International ("WCA"), located at 1333 H Street, N.W., Suite 700 West, Washington, DC 20005-4754, (202) 452-7823, by its undersigned counsel, hereby moves to intervene of right in the instant proceeding as a defendant pursuant to FRCP 24 and LCvR 7(j) in opposition to the Complaint for Declaratory and Injunctive Relief.

**STATEMENT OF POINTS AND AUTHORITIES**

**I.   WCA HAS ASSOCIATIONAL STANDING TO REPRESENT THE INTERESTS OF ITS MEMBERS**

The Wireless Communications Association International ("WCA") is the non-profit trade association for the wireless broadband industry, with over 250 member companies on six continents representing the bulk of the sector's leading carriers, service providers, vendors, and consultants. WCA's mission is to advance the interests of the wireless carriers and service providers that provide high-speed data, internet, voice and video services using terrestrial systems in all broadband spectrum bands.

As a trade association, WCA has associational standing to represent the interests of its members "when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 343 (1977); *see Warth v. Seldin,* 422 U.S. 490, 511, 515 (1975). These criteria are fully satisfied.

### A.  WCA's Members Have Standing to Sue in Their Own Right

WCA's carrier and service provider members are among those required by the Federal Communications Commission ("FCC") to file Form 477, "Local Competition and Broadband Reporting." Nearly all of the information called for on this form constitutes confidential commercial information exempt from disclosure under FOIA pursuant to Exemption 4, 5 U.S.C. § 552(b)(4).[1]  Many of WCA's carrier members have requested confidentiality for their Form 477 submissions pursuant to 47 C.F.R. § 0.459 by checking a box on their Forms 477 designating the contents as confidential and requesting non-disclosure. *See* Declarations of Marybeth M. Banks, Terri B. Natoli, and Ralph Diaz (submitted as attachments).

The FCC deferred the need for filing a justification for non-disclosure in the case of Form 477 until the information is sought pursuant to FOIA. *Local Competition and Broadband Reporting,* CC Docket 99-301, *Report and Order,* 15 F.C.C.R. 7717, 7759 (2000). Thus, the FCC has granted the Form 477 filers who checked the box a right to be heard regarding the applicability of Exemption 4 before their confidential data will be disclosed pursuant to FOIA.

---

[1]  FOIA Exemption 4 protects "trade secrets and commercial or financial information obtained from a person and privileged or confidential" from mandatory disclosure.

The FCC provided notice to Form 477 filers with respect to the FOIA request in this case on December 15, 2006, after the request had been denied by the agency's Wireless Telecommunications Bureau. *See* FCC Public Notice, *Public Notice to Service Providers Who Filed FCC Form 477s with the Commission and Sought Confidential Treatment of the Information Submitted,* DA 06-2534 (Dec. 15, 2006) (submitted as an attachment). Accordingly, this Court is the forum where filers must exercise their right to object to disclosure. *See, e.g., Judicial Watch v. Department of the Army,* Civ. Action No. 04-301 (RMU), 2006 U.S. DIST. LEXIS 89288, *24-26 (D.D.C. Dec. 12, 2006). If the Court were to order disclosure of their confidential information without allowing them to be heard, WCA's members would unquestionably have standing to appeal. *See, e.g., McDonnell Douglas Corp. v. Department of the Air Force,* 375 F.3d 1182, 1186 (D.C. Cir. 2004); *McDonnell Douglas Corp. v. NASA,* 180 F.3d 303 (D.C. Cir. 1999).

It is readily apparent that the three elements of standing — (1) injury-in-fact, (2) causation, and (3) redressability, *see Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) — are satisfied in the case of WCA carrier members. Disclosure of Form 477 filers' highly confidential commercial information would clearly constitute injury-in-fact. Competitors would be given access to filers' competitive strengths and weaknesses in extraordinary detail, including customer and line numbers and technology deployment in each zip code where a filer provides service. *See* Declaration of Marybeth M. Banks. The FCC's Wireless Telecommunications Bureau, in denying the FOIA request, found that "[f]ilers customarily guard this data from their competitors, and release would harm their competitive interests by revealing to competitors their market strategies, their customer identities and counts and where they have deployed their services. For example, competitors could use this data to decide where to target their service

offerings, facilities construction, and marketing, all to the detriment of Form 477 filers." FCC September 26 FCC Letter, at 3 (submitted as an attachment). There can be no dispute that this would constitute serious harm; the harm would be directly caused by release of the information; and the harm could be fully redressed by denying the complaint in response to the affected parties' objections.

It is well established that intervention as a defendant is an appropriate way for a document filer to demonstrate the applicability of Exemption 4. *See Judicial Watch v. Food and Drug Administration,* 449 F.3d 141, 145 (D.C. Cir. 2006) (citing intervention by filers to submit affidavits supporting claim that documents are exempt from disclosure); *Judicial Watch v. Department of the Army,* 2006 U.S. DIST. LEXIS 89288 at *24-26; *Appleton v. Food and Drug Administration,* 451 F. Supp. 129, 135-36 (D.D.C. 2006); *Taylor v. Blakey,* Civ. Action No. 03-173 (RMU), 2005 U.S. DIST. LEXIS 40594, *3 & n.3 (D.D.C. May 12, 2005); *Public Citizen Health Research Group v. NIH,* 209 F. Supp. 2d 37 47-48 (D.D.C. 2002) (citing exhibits submitted by defendant-intervenor).

### B. Intervention Is Germane to WCA's Purpose

WCA's mission is to advance the interests of the wireless carriers and service providers that provide high-speed data, internet, voice and video services using terrestrial systems in all broadband spectrum bands. Opposing the disclosure of proprietary information submitted to the FCC by WCA members in confidence is clearly germane to WCA's purpose.

### C. Participation by WCA's Individual Members Is Not Necessary on This Issue

The FCC denied the plaintiff's FOIA request on the basis that all of the detailed data in Forms 477 was subject to Exemption 4; it did not need to consider party-specific justifications to reach that conclusion. Likewise, the Court may determine *de novo* that the plaintiff's FOIA

request should be denied as a matter of law, without any need for individual filers' justifications for non-disclosure. To the extent the Court finds that the complaint fails to state a claim, or that the defendant is entitled to summary judgment, there will be no need for any participation by individual filers. Accordingly, the interests of individual filers can adequately be represented by organizations such as WCA without individual participation at this stage.

## II.    INTERVENTION IS WARRANTED

FRCP24(a)(2) permits intervention of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Under this standard, WCA is entitled to intervene.

WCA members have submitted Forms 477 for years in reliance on the FCC's assurance that by checking the confidentiality box on the form, their confidential data would not be publicly disclosed without an opportunity to contest the disclosure. WCA seeks to advance the interests of its members in this proceeding, which seeks to cause the disclosure of that confidential data *en masse*. Favorable action on the complaint will clearly "impair or impede" the ability of WCA's carrier members to protect their interests in the confidentiality of their data.

While WCA expects the FCC to provide a vigorous defense of its staff's decision not to disclose its members' confidential information, WCA's members' interests cannot be adequately represented by the FCC. There is no certainty that the FCC's defense will be informed by the real-world reasons why disclosure of the data would be harmful to WCA members. Granting the motion for intervention would allow the Court to ensure that the interests of broadband wireless carriers who filed Forms 477 are fully considered.

This motion for intervention is being filed on the date established by the Court for the filing of the FCC's Answer. WCA is submitting its proposed Answer as attachment so that it can be promptly considered in the event this motion is granted. Accordingly, WCA submits that its motion for intervention is timely.

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, WCA moves the Court to grant its motion for intervention as a defendant. A proposed Order is submitted as an attachment.

Respectfully submitted,

DC Bar #256842

/s/ *Michael Deuel Sullivan*
Michael Deuel Sullivan
Wilkinson Barker Knauer, LLP
2300 N Street, N.W., Suite 700
Washington, D.C. 20037
(202) 783-4141, 383-3332 (direct)
msullivan@wbklaw.com

*Counsel for Wireless Communications Association International.*

January 8, 2007.