**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CENTER FOR PUBLIC INTEGRITY,

     Plaintiff,

     v.

FEDERAL COMMUNICATIONS
COMMISSION,

     Defendant.

Civil Action No. 06-01644 (RMC)

**PROPOSED STATEMENT OF UNDISPUTED MATERIAL FACTS OF
INTERVENOR-DEFENDANTS AT&T INC., VERIZON, AND THE UNITED STATES
TELECOM ASSOCIATION**

Intervenor-Defendants AT&T Inc., Verizon, and the United States Telecom Association

("USTelecom") (collectively, "Intervenors") hereby offer the following proposed undisputed

material facts:

1.     Pursuant to its statutory authority under 47 U.S.C. § 220, the Federal

Communications Commission ("FCC" or "Commission") requires facilities-based providers of

broadband Internet connections to end user locations, providers of local telephony services, and

facilities-based providers of mobile telephony services to submit a completed Form 477 twice a

year. *See* Form 477 Reporting Requirements & Deployment Data, *available at*

http://www.fcc.gov/broadband/data.html. Following each submission deadline, the FCC

aggregates the information submitted in a way that safeguards individual service provider's

identities and releases reports to the public. *See* Report and Order, *Local Competition and*

*Broadband Reporting*, 15 FCC Rcd 7717, 7758-59, ¶¶ 87-88, 7760, ¶ 91 (2000) ("*2000 Data*

*Gathering Order*"); *Local Telephone Competition and Broadband Reporting*, 19 FCC Rcd

22340, 22352, ¶ 24 & n.56 (2004) ("*2004 Data Gathering Order*").

2.      On August 24, 2006, plaintiff Center for Public Integrity ("Center") submitted to

Ms. Shoko B. Hair, FOIA Public Liaison at the Commission, a request for records pursuant to

the Freedom of Information Act ("FOIA").  Stretch Decl. Exh. A at 1 (Letter from Drew Clark,

Senior Fellow and Project Manager, The Center for Public Integrity, to Shoko B. Hair, FOIA

Public Liaison, Office of Managing Director, FCC (Aug. 24, 2006)).  The Center requested "[a]

database or other similar electronic copy of all records collected with FCC Form 477" and "[a]ll

documentation associated with that database."  *Id.*

3.      The Center's request was not addressed to the Managing Director of the FCC.

*See id.*

4.      The FCC rerouted the Center's request to the FOIA Control Office for forwarding

to the appropriate Bureau and it was deemed received on August 29, 2006.  *See* Stretch Decl.

Exh. B at 1 n.2 (Letter from Kirk S. Burgee, Associate Bureau Chief, Wireline Competition

Bureau, to Drew Clark, Senior Fellow and Project Manager, The Center For Public Integrity

(Sept. 26, 2006)).

5.      The Center filed the instant Complaint on September 25, 2006.

6.      The FCC's Wireline Competition Bureau ("Bureau") denied the Center's FOIA

request in a letter dated September 26, 2006.  *See id.* at 1.  The Bureau explained that the

information sought was exempt from disclosure under FOIA Exemption 4, *see id.* at 1, 2 & n.11,

which protects "matters that are . . . trade secrets and commercial or financial information

obtained from a person and privileged or confidential."  5 U.S.C. § 552 (b)(4).  *See also* 47

C.F.R. § 0.457(e).

7.      The Form 477 includes information that is "commercial or financial" for purposes

of FOIA.  *See* Joint Declaration of John A. Wimsatt, Larry Zeppetella, and Thomas Y. Ikegami

on behalf of Verizon ¶¶ 9-10 ("Verizon Joint Decl."); Joint Declaration of Mark Keiffer, Robert

W. Quinn, Jr., and Rick Welday, Jr. on behalf of AT&T Inc. ¶¶ 6-7 ("AT&T Joint Decl.");

Declaration of Kevin J. Albaugh on behalf of North Pittsburgh Telephone Company ¶ 3 ("NPTC

Decl.").

      8.      The entities that file the Form 477 with the FCC are "persons" for purposes of

FOIA.

      9.      The Form 477 includes information that is confidential to Intervenors and that

Intervenors protect as proprietary. *See* Joint Verizon Decl. ¶ 5; Joint AT&T Decl. ¶ 5; NPTC

Decl. ¶ 4.

      10.      Broadband, local telephony, and wireless services are characterized by actual

competition. *See* Joint Verizon Decl. ¶¶ 13, 15; Joint AT&T Decl. ¶¶ 9-10; NPTC Decl. ¶ 4.

      11.      If the information contained in the Forms 477 filed with the FCC were disclosed

to the public, Intervenors AT&T Inc. and Verizon and constituent members of USTelecom

would be likely to suffer substantial competitive harm. *See* Joint Verizon Decl. ¶¶ 11-16; Joint

AT&T Decl. ¶¶ 8-10; NPTC Decl. ¶¶ 4-5.

      12.      If the information contained in the Forms 477 filed with the FCC were disclosed

to the public, the FCC's efforts to collect industry data in the future would be impeded. *See 2000*

*Data Gathering Order*, 15 FCC Rcd at 7760, ¶ 91.

      13.      The FCC has consistently treated the information collected on the Form 477 as

confidential and competitively sensitive. *See*, *e.g.*, *id.* at 7758, ¶ 87.

Respectfully submitted,

/s/ Colin S. Stretch

James P. Lamoureux (D.C. Bar No. 431631)  
AT&T INC.  
1120 20th Street, N.W.  
Washington, D.C. 20036  
*Counsel for AT&T Inc.*

Michael E. Glover  
Edward Shakin (D.C. Bar No. 450495)  
William H. Johnson (D.C. Bar No. 481876)  
VERIZON  
1515 North Courthouse Road, Suite 500  
Arlington, Virginia 22201  
(703) 351-3099  
*Counsel for Verizon*

Colin S. Stretch (D.C. Bar No. 470193)  
KELLOGG, HUBER, HANSEN, TODD,  
  EVANS & FIGEL, P.L.L.C.  
1615 M Street, N.W., Suite 400  
Washington, D.C. 20036  
Telephone: (202) 326-7900  
Facsimile: (202) 326-7999  
*Counsel for AT&T Inc., Verizon, and the*  
*United States Telecom Association*

James W. Olson (D.C. Bar No. 923169)  
UNITED STATES TELECOM ASSOCIATION  
607 14th Street, N.W., Suite 400  
Washington, D.C. 20005-2164  
(202) 326-7300  
*Counsel for United States Telecom*  
*Association*