Exhibit 3 to
Intervenor-Defendants'
Memorandum In Support of
Summary Judgment

# NPTC Declaration

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>    Defendant. | Civil Action No. 06-01644 (RMC) |

### DECLARATION OF KEVIN J. ALBAUGH

1. My name is Kevin J. Albaugh. My business address is 4008 Gibsonia Road, Gibsonia, Pennsylvania 15044. I am employed by North Pittsburgh Telephone Company ("NPTC") as Vice President-Regulatory Affairs.[1] In this position, I am responsible for regulatory affairs and reporting, tariffs, rate development, carrier access billing, and intercarrier compensation issues.

2. The purpose of my declaration is to explain to the Court why public disclosure of the information contained in the FCC's Form 477 is likely to result in substantial competitive harm to NPTC.

3. The FCC requires NPTC to disclose detailed information on its broadband and telephone service offerings in the Form 477. (NPTC does not offer wireless telephone service, which is also covered in Form 477.) NPTC is required to disclose information revealing the type of technology NPTC uses to serve consumers and the extent of demand and competition by geographic area.

---

[1] NPTC is a member of the United States Telecom Association, which has moved to intervene in this matter.

    4. The Form 477 includes information that is confidential and competitively sensitive, and its public disclosure would pose a serious competitive threat to NPTC. NPTC is engaged in fierce competition with both the local cable company, which has entered the broadband and local telephone markets, and a number of facilities-based CLECs. By utilizing the broadband data provided on Form 477, these competitors could identify areas where demand is highest, or where current service offerings would make NPTC most vulnerable to the introduction of new technology or aggressive marketing by a competitor. Our competitors could use this information to tailor their competitive strategies—including marketing and infrastructure investments—to compete unfairly against NPTC.

    5. This competitive threat is present in both the broadband and telephone arenas. With respect to telephone services, the information on the number of customers, types of service (business or residential, local and/or long distance), and locations served, which is disclosed in Form 477, would reveal not only how successful CLECs have been in winning customers from NPTC, but also would provide a roadmap to where the introduction of new competition has been most effective and where a competitor might want to target new competitive efforts. In addition, the Form 477 requires NPTC to disclose precisely how many lines NPTC provides to its competitors on a wholesale basis, and the manner in which those lines are provided (for example, through resale, UNEs, or special access). That information may provide significant insight into the modes of competition that either have found the most success against NPTC or that may offer a new competitive entry point. If made public, a competitor could use that information to tailor its business model to give it the maximum chance to succeed against NPTC.

    6. This concludes my declaration.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

January 5, 2007

_____
Kevin J. Albaugh