UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Center for Public Integrity, | |
| Plaintiff, | |
| v. | Civil Action No. 06-1644 (ESH)  ECF |
| Federal Communications Commission, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE AND RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rules 7.1(h) and 56.1, Plaintiff, Center for Public Integrity, hereby responds to Defendants' Statements of Material Facts As to Which There Is No Genuine Issue and also submits a list of "Supplemental Facts." Plaintiff's Supplemental Facts, together with Plaintiff's Response to Defendants' Facts, constitute Plaintiff's Statement of Material Facts As to Which There Is No Genuine Dispute.

**PLAINTIFF'S RESPONSE TO DEFENDANT FCC'S FACTS**

1. Plaintiff does not dispute this statement.

2. Plaintiff has no basis with which to admit or deny this statement.

3. Plaintiff denies this statement.

4. Plaintiff does not dispute this statement

5. Plaintiff does not dispute this statement.

6. Plaintiff does not dispute this statement.

7. Plaintiff does not dispute this statement.

8. Plaintiff does not dispute this statement.

9. Plaintiff does not dispute this statement.

10. Plaintiff does not dispute this statement.

11. Plaintiff does not dispute this statement.

12. Plaintiff does not dispute this statement.

13. Plaintiff does not dispute this statement.

14. Plaintiff does not dispute this statement.

15. Plaintiff does not dispute this statement.

16. Plaintiff does not dispute this statement.

17. Plaintiff does not dispute this statement.

18. Plaintiff does not dispute this statement.

19. Plaintiff denies this statement.

20. Plaintiff denies this statement.

21. Plaintiff does not dispute this statement.

22. Plaintiff has no basis with which to admit or deny this statement.

23. Plaintiff has no basis with which to admit or deny this statement.

24. Plaintiff does not dispute this statement.

25. Plaintiff has no basis with which to admit or deny this statement.

26. Plaintiff has no basis with which to admit or deny this statement.

27. Plaintiff has no basis with which to admit or deny this statement.

28. Plaintiff does not dispute this statement.

29. Plaintiff does not dispute this statement.

30. Plaintiff does not dispute this statement.

31. Plaintiff does not dispute this statement.

32. Plaintiff denies this statement.

33. Plaintiff does not dispute this statement.

34. Plaintiff does not dispute this statement.

35. Plaintiff does not dispute this statement.

36. Plaintiff does not dispute this statement.

37. Plaintiff does not dispute this statement.

38. Plaintiff does not dispute this statement.

39. Plaintiff does not dispute this statement.

40. Plaintiff has no basis with which to admit or deny this statement.

41. Plaintiff does not dispute this statement.

42. Plaintiff does not dispute this statement.

43. Plaintiff has no basis with which to admit or deny this statement.

44. Plaintiff does not dispute this statement, if it is limited to materials actually and properly exempt under Exemption 4.

45. Plaintiff denies this statement.

46. Plaintiff does not dispute this statement.

47. Plaintiff does not dispute this statement.

48. Plaintiff does not dispute this statement.

49. Plaintiff does not dispute this statement.

50. Plaintiff has no basis with which to admit or deny this statement.

51. Plaintiff denies this statement.

52. Plaintiff has no basis with which to admit or deny this statement.

53. Plaintiff has no basis with which to admit or deny this statement.

54. Plaintiff has no basis with which to admit or deny this statement.

55. Plaintiff has no basis with which to admit or deny this statement.

56. Plaintiff denies this statement.

57. Plaintiff has no basis with which to admit or deny this statement.

58. Plaintiff has no basis with which to admit or deny this statement.

59. Plaintiff has no basis with which to admit or deny this statement.

60. Plaintiff has no basis with which to admit or deny this statement.

61. Plaintiff has no basis with which to admit or deny this statement.

62. Plaintiff has no basis with which to admit or deny this statement.

63. Plaintiff has no basis with which to admit or deny this statement.

64. Plaintiff has no basis with which to admit or deny this statement.

65. Plaintiff has no basis with which to admit or deny this statement.

66. Plaintiff has no basis with which to admit or deny this statement.

67. Plaintiff has no basis with which to admit or deny this statement.

68. Plaintiff has no basis with which to admit or deny this statement.

69. Plaintiff has no basis with which to admit or deny this statement.

70. Plaintiff has no basis with which to admit or deny this statement.

71. Plaintiff has no basis with which to admit or deny this statement.

72. Plaintiff has no basis with which to admit or deny this statement.

73. Plaintiff has no basis with which to admit or deny this statement.

74. Plaintiff has no basis with which to admit or deny this statement.

75. Plaintiff has no basis with which to admit or deny this statement.

76. Plaintiff has no basis with which to admit or deny this statement.

77. Plaintiff does not dispute this statement.

78. Plaintiff does not dispute this statement.

79. Plaintiff has no basis with which to admit or deny this statement.

## PLAINTIFF'S RESPONSE TO FACT OF INTERVENOR-DEFENDANTS AT&T, VERIZON, AND THE UNITED STATES TELECOM ASSOCIATION

1. Plaintiff does not dispute this statement.

2. Plaintiff does not dispute this statement.

3. Plaintiff denies this statement. The address on the letter speaks for itself.

4. Plaintiff has no basis with which to admit or deny this statement.

5. Plaintiff does not dispute this statement.

6. Plaintiff does not dispute this statement.

7. Plaintiff does not dispute this statement.

8. Plaintiff does not dispute this statement.

9. Plaintiff denies this statement.

10. Plaintiff has no basis with which to admit or deny this statement.

11. Plaintiff denies this statement.

12. Plaintiff denies this statement.

13. Plaintiff denies this statement.

## PLAINTIFF'S SUPPLEMENTAL FACTS

1. Plaintiff's employee hand-delivered Plaintiff's FOIA Request to Defendant FCC on August 24, 2006. Declaration of Brendan McGarry.

2. The information called for on the cover page of FCC Form 477 is not confidential. *See* Attachment D to the Declaration of Alan I. Feldman, at 18.

3. It is common for broadband providers to advertise the availability of their services within a particular geographic area and to allow potential customers to verify the availability of service via a search tool on the provider's Web page. *See* Exhibit 2.

4. The FCC makes publicly available information about the geographic area in which cable service providers operate. *See* http://www.fcc.gov/mb/vax/registeredcuid.xls (large Excel-format file, 13MB); or http://www.fcc.gov/mb/engineering/liststate.html.

        Respectfully submitted,

        _____/s/_____
        Peter Newbatt Smith
        D.C. Bar #458244
        Center for Public Integrity
        910 17th Street, N.W., 7th Floor
        Washington, DC 20006-2606
        202-481-1239
        psmith@publicintegrity.org

        Attorney for Plaintiff