**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**Civil No. 06-11644 (ESH)**

---

**CENTER FOR PUBLIC INTEGRITY,**
*Plaintiff,*
**v.**

**FEDERAL COMMUNICATIONS COMMISSION,**
*Respondent,*
**AT&T INC., VERIZON,
UNITED STATES TELECOMMUNICATIONS ASSOCIATION, AND
WIRELESS COMMUNICATIONS ASSOCIATION INTERNATIONAL,**
*Intervenor-Defendants.*

---

**RESPONSE OF THE WIRELESS COMMUNICATIONS
ASSOCIATION INTERNATIONAL
TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT**

---

MICHAEL DEUEL SULLIVAN
WILKINSON BARKER KNAUER, LLP
2300 N Street, N.W., Suite 700
Washington, D.C. 20037
(202) 783-4141, 383-3332 (direct)
*msullivan@wbklaw.com*
DC Bar #256842
*Counsel for Wireless Communications Association International*

May 22, 2007

**TABLE OF CONTENTS**

I. RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS ............................................. 1
II. APPLICABILITY OF FOIA EXEMPTION 4 TO FORM 477 .......................................... 3
    A. FCC's Proposed Redaction of the Cover Page ......................................................... 3
    B. WCA Opposes "Redaction" of Parts I, II, and III ..................................................... 3
    C. WCA Opposes "Redaction" of Part IV ..................................................................... 4
    D. The ZIP Code Information in Part V Is Exempt ....................................................... 6
CONCLUSION ................................................................................................................................ 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil No. 06-11644 (ESH)

CENTER FOR PUBLIC INTEGRITY,
*Plaintiff,*
*v.*
FEDERAL COMMUNICATIONS COMMISSION,
*Respondent,*
AT&T INC., VERIZON,
UNITED STATES TELECOMMUNICATIONS ASSOCIATION, AND
WIRELESS COMMUNICATIONS ASSOCIATION INTERNATIONAL,
*Intervenor-Defendants.*

RESPONSE OF THE WIRELESS COMMUNICATIONS
ASSOCIATION INTERNATIONAL
TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT

Wireless Communications Association International ("WCA") hereby responds to the "Plaintiff's Cross-Motion for Summary Judgment and Opposition to Defendants' Motions for Summary Judgment" ("Cross-Motion/Opposition") (Document #32), filed by the Center for Public Integrity ("Plaintiff") on April 3, 2007.

## I. RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

Plaintiff's Cross-Motion/Opposition was accompanied by a Statement of Facts (Document #32-2) that included four supplemental factual allegations in addition to responses to other parties' statements of facts. WCA responds to those supplemental factual allegations as follows:

> "1. Plaintiff's employee hand-delivered Plaintiff's FOIA Request to Defendant FCC on August 24, 2006. Declaration of Brendan McGarry."

**Response:** WCA has no basis upon which to admit or deny this statement.

> "2. The information called for on the cover page of FCC Form 477 is not confidential. See Attachment D to the Declaration of Alan I. Feldman, at 18."

**Response:** WCA has no basis upon which to admit or deny this statement. It appears to be a legal conclusion masquerading as a factual allegation.

The statement finds no support in the document to which it refers, "Attachment D to the Declaration of Alan I. Feldman, at 18." Mr. Feldman's declaration (Document #10-2) (at page 2, paragraph 6) describes Attachment D to his declaration as the FCC's December 12, 2006 public notice. That public notice (Document #10-6) is a single page in length (*i.e.,* there is no page 18) and does not describe or mention the information called for on the cover page of Form 477, nor does it provide any information concerning the confidentiality *vel non* of such information.

CPI may have meant to refer to Attachment E (Document #10-7), rather than D. Attachment E is a copy of the Form 477 and its instructions. Page 18 of that document is a reproduction of the "cover sheet" from Form 477. It contains no information concerning the confidentiality *vel non* of the information called for on the cover sheet.

> "3. It is common for broadband providers to advertise the availability of their services within a particular geographic area and to allow potential customers to verify the availability of service via a search tool on the provider's Web page. See Exhibit 2."

**Response:** WCA admits this factual allegation to the extent that *some* such providers advertise *some* of their services within a given geographic area and that *some* providers also allow potential customers to enter data concerning their location on the provider's web page to receive a response concerning service offerings, and lacks sufficient information to admit or deny it in all other respects.

> "4. The FCC makes publicly available information about the geographic area in which cable service providers operate. See

2

>   *http://www.fcc.gov/mb/vax/registeredcuid.xls (large Excel-format file, 13MB); or http://www.fcc.gov/mb/engineering/liststate.html."*

**Response:** WCA admits that the FCC makes available whatever information is contained at the cited web addresses, but lacks any basis upon which to admit or deny the statement in all other respects.

## II.    APPLICABILITY OF FOIA EXEMPTION 4 TO FORM 477

### A.    FCC's Proposed Redaction of the Cover Page

Plaintiff argues that the information on the Form 477 cover page is not exempt under Exemption 4, 5 U.S.C. § 552(b)(4).  Cross-Motion/Opposition at 9-10.

The FCC's response concedes that this is the case, except for items 5 and 6.  The FCC maintains that the information submitted in items 5 and 6 (the name of the filer's contact person and the telephone number and email address for the contact person) should be withheld from disclosure as personally-identifiable information pursuant to Exemption 6, 5 U.S.C. § 552(b)(6), and also as competitively sensitive information pursuant to Exemption 4.  The FCC has agreed to segregate and disclose the cover page information other than items 5 and 6 in electronic form.  *See* FCC Opposition (Document #35) at 6-10.

WCA has no objection to the FCC proposal.

### B.    WCA Opposes "Redaction" of Parts I, II, and III

Plaintiff states that it would be willing to accept "redacted" information extracted from Form 477 Parts I, II, and III, but by redaction it does not mean the deletion of the exempt information.  Plaintiff instead seeks to have the FCC completely replace the exempt information in Parts I, II, and III by "ranges."  Cross-Motion/Opposition at 10-12.

The FCC has taken the position that the replacement of exempt information by "ranges" is unreasonable and not required, on the ground that the Freedom of Information Act does not require agency creation of new agency records. FCC Opposition at 13-17.

WCA concurs with the FCC's response. The substitution of a "range" for a specific number is not a redaction, but the creation of a new record, and agencies are under no obligation to create new custom-made records in response to FOIA requests. *See NLRB v. Sears, Roebuck Co.,* 421 U.S. 132, 161 (1975).

Moreover, the information that Plaintiff seeks to be created is not simply "ranges," given that what Plaintiff wants is a differentiation between zero and non-zero responses. If the number is zero, it would not be specified as a range. Disclosure of whether a given response is zero or non-zero will result in identifiable, competitively sensitive information, in that it will reveal whether or not a filer is currently providing a particular service. As the FCC explains:

> Using even the largest range possible, however — zero/non-zero indicators — would still reveal competitively sensitive information, such as purchased-connection speeds, customer mix, and deployment strategy by technology and the extent of reliance on filer-built versus leased facilities. . . . A competitor could use that information to target particular customer segments, or even particular business customers of smaller entities, and to ascertain details of new technology deployments, particularly by smaller entities.

FCC Opposition at 15-16.

The information in Parts I, II, and III is, accordingly, protected from disclosure by Exemption 4.

### C. WCA Opposes "Redaction" of Part IV

Plaintiff states that it would be willing to accept "redacted" information extracted from Form 477 Part IV, in this case meaning that it would accept disclosure of just the "part" and

4

"line" numbers to which comments are applicable, without disclosing the comments themselves. Cross-Motion/Opposition at 10-12.

The FCC concedes that the part and line numbers are not protected by Exemption 4. FCC Opposition at 10. The FCC's supporting declaration states that the part and line numbers, standing alone, "neither reflect what services a company provides nor the ZIP code where it provides them." Supplemental Declaration of Alan I. Feldman (Document #35-2) at ¶ 6. The FCC proposes certain methods by which this information may be redacted and extracted for production to Plaintiff. FCC Opposition at 10-12.

WCA disagrees with the FCC's concession and submits that the part and line numbers in Part IV *are* protected from disclosure by Exemption 4. Plaintiff seeks to have the FCC segregate and reveal the part and line numbers *for which comments exist*. Comments exist to provide an explanation for a given response on the form, and the responses relate directly to services that a company provides. If a company unambiguously provides no service of a particular type, it would not be responding to a line asking about that type of service. Thus, identification of the part and line number to which a comment refers reveals that the filer either responded to that particular line and item on the form, or needs to explain why it was unable to provide a required response. In either case, the identification of the fact that a comment exists for a particular part and line reveals the existence of a non-zero response to that particular line and item — thereby indicating that a filer is providing a particular service. For the same reasons as a zero/non-zero range would be protected from disclosure, above, the existence of a response to a particular line and item is protected by Exemption 4.

5

### D. The ZIP Code Information in Part V Is Exempt

Plaintiff argues that the ZIP codes where a service provider offers service are not protected under Exemption 4, claiming that this information is not "confidential" as evidenced by the fact that some providers of broadband service have search functions on their web sites featuring ZIP code lookup for service availability. Cross-Motion/Opposition at 12-13.

Even if some service providers were to choose to make publicly available some or all of the information from Form 477 — which certainly has not been shown to be the case — that would not change the protected status of this information for all other service providers. A company may disclose its own confidential information on a selective basis for any number of reasons, but by doing so it waives only its own right to confidential treatment of the information it has disclosed. It cannot defeat the right of other companies to protect their own similar information from disclosure.

In any event, the web sites cited by Plaintiff do not establish that any of the companies involved have treated their Form 477 data as being public, rather than confidential. First, the web sites cited by Plaintiff do not purport to supply the same information that service providers report in Form 477 by ZIP code. There is no indication that the web sites, for any given ZIP code, inform an inquirer of the categories of service for which the provider is currently providing connections, which is the information to be supplied to the FCC in Part V.

Second, there is no indication that the web sites cited by Plaintiff provide information only when the ZIP code that is entered is one where the company is currently providing a non-zero number of connections. The web sites are marketing devices seeking potential customers, and may well market service to persons in ZIP codes where they have (or will soon have) facilities whether or not they currently provide any customers with connections.

Third, Plaintiff has not shown that web sites used for marketing service to potential customers always employ a current, accurate, and complete database of the ZIP codes in which the company has existing broadband customers. It is entirely possible that the information provided in response to a consumer service inquiry may not be determined from a database accurate to the individual ZIP code level, since it is not being used to respond to a federal agency with ZIP code-level data on where it has existing customers for various services.[1] Plaintiffs have not shown that the information contained in a web site's response to an inquiry is always accurate, complete, or up to date.

Fourth, Plaintiff has not supplied any evidence that *any* broadband service provider customarily makes publicly available the specific information called for in Section V, yet WCA has submitted declarations from officials of three of its member companies stating that the information they supply in Parts V of Form 477 is "commercial and confidential in nature"[2] or that it is "extremely detailed and highly proprietary and not publicly available[,] . . . would never be released to the public . . . . [, and] would jeopardize Carrier's competitive position in the market if released."[3]

In light of the foregoing, for the reasons stated in WCA's Motion for Summary Judgment and supporting brief, and for the reasons stated in the FCC Opposition at 17-22, all of the Part V information is protected from disclosure by Exemption 4.

---

[1] It is entirely possible, for example, that a given web page simply uses the ZIP code to determine the market area or county where the customer is located, and then responds with information about the services available in that market area or county, rather than providing a ZIP-code-specific response.

[2] Declaration of Terri B. Natoli (Document #15-7) at ¶ 4; Declaration of Ralph Diaz (Document #15-2) at ¶ 4.

[3] Declaration of Marybeth M. Banks (Document #15-1) at ¶ 4.

7

## III. CONCLUSION

For the foregoing reasons, the Court should grant intervenor-defendant WCA's Motion for Summary Judgment and deny Plaintiff's Cross-Motion/Reply.

Respectfully submitted,

/s/ Michael Deuel Sullivan
Michael Deuel Sullivan
Wilkinson Barker Knauer, LLP
2300 N Street, N.W., Suite 700
Washington, D.C. 20037
(202) 783-4141, 383-3332 (direct)
*msullivan@wbklaw.com*
DC Bar #256142

*Counsel for Wireless Communications Association International*

May 22, 2007