**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL COMMUNICATIONS<br>COMMISSION,<br><br>    Defendant. | Civil Action No. 06-01644 (ESH) |

**RESPONSE OF INTERVENOR-DEFENDANTS AT&T INC.,
VERIZON, AND THE UNITED STATES TELECOM ASSOCIATION TO
THE COURT'S AUGUST 6, 2007, ORDER**

Intervenor-Defendants AT&T Inc., Verizon, and the United States Telecom Association (collectively, "Intervenors") respectfully submit this Memorandum in response to the Court's Order of August 6, 2007, directing the FCC to respond to Plaintiff's argument that the FCC should be required to provide "redacted" information from Part V of the Form 477.

## ARGUMENT

### DISCLOSURE OF "REDACTED" PART V DATA WOULD NOT SUFFICIENTLY PROTECT INFORMATION COVERED BY EXEMPTION 4

Plaintiff's reply memorandum appears to acknowledge that the technology-specific information reported in Part V of the Form 477 – *i.e.*, the information that reveals the specific technologies that individual competitors are using to serve customers by zip code – is competitively sensitive and therefore exempt from disclosure under FOIA Exemption 4. *See* Pl.'s Reply at 3-8 [Dkt. 41]. As Intervenors have explained, that information reveals precisely which broadband technologies providers are utilizing where, and, if publicly disclosed, it would therefore provide a roadmap to providers' deployment strategies. Because such information could and likely would give competitors a significant advantage in the marketplace, it is protected from disclosure by FOIA Exemption 4. *See*, *e.g.*, Intervrs.' Opp. at 9-10 [Dkt. 37].

Rather than seeking public disclosure of such highly sensitive information, Plaintiff now seeks to exclude technology type from its request, asking instead that the FCC extract from its databases only the names of competitors that are providing service in each zip code. *See* Pl.'s Reply at 3-8. But, even assuming the FCC can be required under FOIA to produce such information, Plaintiff's narrowed request would still result in the disclosure of competitively sensitive information.

*First*, depending on what, if any, other information the Court orders released, cross-referencing data from other parts of the Form 477 with zip code data could reveal confidential

information about a service provider.  For example, in Part I.A of the form, service providers must disclose, in percentage terms, the various maximum authorized speeds for the services sold in each state, broken down by type of technology and type of customer (residential versus business).  *See* FCC Form 477at Part 1.A, Exh. 1 to Def.'s Mem. in Support of Mot. for Summ. J. [Dkt. 9-7].  Some technologies and connection speeds are associated with large "enterprise" customers.  *See* Decl. of Alan I. Feldman ¶ 31 [Dkt. 10] ("Feldman Decl.").  Because certain zip codes are associated with unique entities (for example the FCC's unique 20554 zip code, *see id.*), competitors could cross-reference zip code data from Part V with technologies and connection speeds from Part I.A to learn not only what competitor is providing service to such unique customers, but also to deduce the precise technology and connections speed used to serve those customers.  *Id.*  Competitors could then design competing offers to target those unique customers.  *Id.*  Similarly, competitors could cross-reference the number of connections reported by state (as also reported in Part I.A) with zip code data (from Part V) to identify states where demand is concentrated within relatively few zip codes.  *Id.* ¶ 28.  This would allow a competitor to poach a service provider's market research and focus its own competitive efforts accordingly.[1]

*Second*, disclosure of the information Plaintiff now seeks would reveal company-specific information over the course of several years.  By determining where a service provider has expanded its offerings over a period of time, a competitor could deduce a service provider's strategic business plans and historical deployment patterns.  *See*, *e.g.*, Joint Verizon Decl. ¶¶ 13, 16 [Dkt. 24].  With this information, the competitor could target particular areas where a provider is not yet providing broadband services in order to preemptively lock up potential

---

[1] If the Court denies, as it should, Plaintiff's request for data from Part I.A of the Form 477, the competitive concerns discussed in this paragraph would not arise.

customers before the provider starts actively to market services in those areas. This threat too is sufficient to warrant exemption from disclosure. *See*, *e.g.*, *Westinghouse Elec. Corp. v. Schlesinger*, 392 F. Supp. 1246, 1249 (D. Va. 1974) (holding mandatory EEOC reporting forms protected by Exemption 4 because "viewing the same documents over a period of time would enable a competitor to obtain a forewarning on new products and process changes being undertaken by the plaintiffs"), *aff'd*, 542 F.2d 1190 (4th Cir. 1976).

*Third*, there is distinction between whether a competitor is *offering* service in a particular area – which is information that individual competitors make available in the marketplace – and whether the competitor is *providing* service in that area – which competitors do not ordinarily disclose to the public but which is revealed in Part V of the Form 477. For example, as the FCC explains, where a competitor actually provides service to customers in only a small number of zip codes in a broader market that it claims to be serving, that information may reveal competitive weakness that a rival could seek to exploit. *See* Feldman Decl. ¶¶ 27-28. In addition, identifying which provider is serving a unique zip code that corresponds to a single enterprise customer (again, such as the FCC) would of course reveal the name of the provider serving that customer, which in turn could give a competitor an unfair advantage in attempting to target that customer. For this reason as well, the Part V information Plaintiff seeks here, even without the specific technology type competitors are using to serve customers in a given zip code, is competitively sensitive and therefore exempt from disclosure.

*Finally*, and in all events, if the Court determines that FOIA requires the FCC to identify for Plaintiff the names of competitors serving customers in each zip code, it should make clear that the information disclosed should not include the technology-specific information that, as noted above, Plaintiff no longer seeks. Plaintiff properly acknowledges that a simple redaction

3

of the column headings in Part V would be insufficient to ensure such protection, as a competitor could determine the specific technology types through cross-referencing the publicly available blank Form 477.  *See* Pl.'s Reply at 3; *see also* Form 477 at Part V-1.  Instead, Plaintiff should be provided, at most, the information it now seeks, and nothing more:  the names of competitors serving customers in specific zip codes, as reflected in Part V of the Form 477.  The disclosure of any additional information, including in particular the technology-specific information also collected in Part V of the form, could significantly undermine competition in the marketplace.

## CONCLUSION

Because Plaintiff's request for data from Part V of the Form 477, even without technology-specific information, would still lead to the production of competitively sensitive information that is exempt from disclosure under FOIA, the Court should deny that request and should instead grant summary judgment to the FCC and Intervenors.

Respectfully submitted,

/s/ Colin S. Stretch

_____

Gary L. Phillips (D.C. Bar No. 334037)
AT&T INC.
1120 20th Street, N.W.
Washington, D.C. 20036
*Counsel for AT&T Inc.*

Michael E. Glover
Edward Shakin (D.C. Bar No. 450495)
William H. Johnson (D.C. Bar No. 481876)
VERIZON
1515 North Courthouse Road, Suite 500
Arlington, Virginia 22201
(703) 351-3099
*Counsel for Verizon*

August 14, 2007

Colin S. Stretch (D.C. Bar No. 470193)
KELLOGG, HUBER, HANSEN, TODD,
   EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
*Counsel for AT&T Inc., Verizon, and the
   United States Telecom Association*

Jonathan Banks
UNITED STATES TELECOM ASSOCIATION
607 14th Street, N.W., Suite 400
Washington, D.C. 20005-2164
(202) 326-7300
*Counsel for United States Telecom
   Association*