UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Center for Public Integrity, | |
| Plaintiff, | |
| v. | Civil Action No. 06-1644 (ESH) |
| | ECF |
| Federal Communications Commission, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

Plaintiff Center for Public Integrity respectfully moves this Court to alter or amend its judgment of August 27, 2007, with respect to Part V of the Form 477 database.

Accompanying this Motion in the Declaration of Ben Welsh ("Welsh Decl.").

Respectfully submitted,

/s/
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
e-mail: psmith@publicintegrity.org

Attorney for Plaintiff

September 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Center for Public Integrity, | |
| Plaintiff, | |
| v. | Civil Action No. 06-1644 (ESH) |
| | ECF |
| Federal Communications Commission, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO ALTER OR AMEND THE JUDGMENT**

The Court entered an Opinion and Order in this case on August 27, 2007. For the reasons argued below, Plaintiff Center for Public Integrity respectfully requests that the Court alter or amend its judgment and order production of Part V of the Form 477 database, with necessary redactions.

Section 59(e) of the Federal Rules of Civil Procedure allows for such a motion as this, to alter or amend a judgment, filed within ten (10) days from the entry of judgment, excluding Saturdays, Sundays, and holidays. Fed. R. Civ. P. 59(e). The Court must grant a Rule 59(e) motion if it finds an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations omitted).

**ARGUMENT**

**I.  DISCLOSURE THAT A BROADBAND PROVIDER DOES BUSINESS IN A ZIP CODE IS NOT LIKELY TO CAUSE COMPETITIVE HARM**

In its Memorandum Opinion of August 27, 2007 (Docket #45), this Court properly notes that the parties and amici agree that the question of "confidentiality" under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), must be decided under the standard set forth

in National Parks & Conservation Ass'n v. Morton (hereinafter, "National Parks I"), 498 F.2d 765 (D.C. Cir. 1974), namely, that disclosure is likely "to cause substantial harm to the competitive position of the person from whom the information was obtained." *Id.*, at 770.

This standard cannot sustain a finding that data in Part V of Form 477, with technology type redacted, is confidential information. Plaintiff's argument about the feasibility of redacting technology type from Part V data has been conceded by Defendant FCC and unrebutted by Defendant-Intervenors. *See* Pl.'s Reply Brief at 3-4, Def. Federal Communication Commission's Response to the Court's August 6, 2007, Order ("FCC's Surreply") at 2, Response of Def.-Intervenors AT&T Inc., Verizon, and the U.S. Telecom Ass'n to the Court's August 6, 2007, Order ("Def.-Intervenors' Surreply").

The names of the companies and the ZIP codes in which they maintain broadband or local telephone service is at the core of Plaintiff's interest in the Form 477 database. This material, standing alone, is not exempt from FOIA because its disclosure is not likely "to cause substantial harm to the competitive position" of the provider. Pl.'s Reply Brief at 5 (quoting National Parks I, 498 F.2d at 770).

This Court, relying on the FCC's Surreply and the Def.-Intervenors' Surreply, found that disclosure even of ZIP code data with technology type redacted would cause such harm because it "could reveal a significant amount of information that is *not* publicly available." Slip Op. at 15-16 (emphasis in original). The Court cited the example of the ability of a potential new entrant to analyze ZIP code data over time, and to analyze data about so-called "unique" ZIP codes, as reasons for its holding that such non-public data is confidential, and hence that it may be withheld under Exemption 4.

Plaintiff respectfully suggests that this Court has misapplied a test of public availability of information for the appropriate test of competitive harm.

With regard to the ability of a potential new entrant to analyze information about the fact that a broadband provider does business within a particular ZIP code at particular point in time, this Court suggested that such analysis "could allow competitors … to respond to new entry or … to free ride on the efforts of the first new entrants." Slip Op. at 16, quoting FCC's Surreply. Because the information at issue is limited to the fact that a broadband provider maintains service within a particular ZIP code, even the possibility that a new competitor could analyze the data in such a manner, and could choose to enter the marketplace based on such information, does not amount to a "likel[lihood]" that disclosure would cause "substantial harm." National Parks I, 498 F. 2d at 770. In the National Parks cases, plaintiffs sought detailed and comprehensive financial reports by seven companies operating concessions within national parks. National Parks and Conservation Association v. Kleppe (hereinafter "National Parks II"), 547 F.2d 673, 676-677. After a remand to the district court, on appeal the D.C. Circuit held the "likelihood of substantial harm to [five concessioners'] competitive positions to be virtually axiomatic" because the information sought would have disclosed detailed descriptions of capital projects existing or planned for the following year, as well as the occupancy rates of concession facilities during peak months. *Id.*, at 684. Further, the harm to the five concessioners stemmed from the fact that only their financial information – and not that of their competitors and other businesses – would be disclosed. *Id.*, at 684. The far more generic fact that a particular broadband provider does business within a particular ZIP code at a particular point in time cannot support a similar holding of competitive harm.

3

Similarly, this Court cites the fact that competitors might consider the particular ZIP codes in which a broadband or telephone provider does business to be "valuable information about where [a] filer is focusing its efforts" that may not otherwise be publicly available. Slip Op. at 16, quoting FCC's Surreply. Merely because such information "was of the kind that would not generally be made available for public perusal" does not, by itself, "support[] application of [Exemption 4]," the exemption at issue in this portion of the case. National Parks I, at 770 (internal quotations omitted). Because the information at issue is so basic – where a broadband or telephone company maintains service – it is manifestly *unlikely* to cause competitive harm. Indeed, this truth is conceded by Defendant-Intervenors: "Plaintiff should be provided, at most, the information it now seeks, and nothing more: the names of competitors serving customers in specific zip codes, as reflected in Part V of the Form 477." Def.-Intervenors' Surreply at 5.

## II.  TO THE EXTENT THAT 'UNIQUE' ZIP CODES ARE INCLUDED IN PART V OF THE FORM 477 DATABASE, THEY ARE REDACTABLE

This Court relied upon FCC's Surreply, and Def.-Intervenors' Surreply, for the proposition that "because some entities are assigned 'unique' zip codes, disclosure of zip code data would in some instance reveal the presence of an actual business relationship between a filer and a particular entity." Slip Op. at 16. The proffered example is ZIP code 20554, assigned solely to the FCC's headquarters in Washington, D.C. *Id.* Yet the FCC does not include, and never has included, ZIP code 20554 in the public portion of the Form 477 database. Welsh Decl., at ¶ 28. The only evidence Defendants have offered about how the disclosure of the name of a company serving a "unique" ZIP codes could lead to competitive harm – the existence of FCC's "unique" 20554 ZIP code within the database – is not based on a factual example.

Nowhere extant in the record is there an indication of the number of such "unique" ZIP codes that are included in Part V of the FCC's Form 477 database. Conventionally, such

4

information would be included in the documentation of the database. *Id.*, at ¶26. The Second Supplemental Declaration of Alan Feldman makes clear that the FCC has no "documentation related to the structure, purpose, operation, maintenance, or data requirements" of the Form 477 database. Feldman Second Supp. Decl., at ¶3, Aug. 14, 2007.

The FCC says it relies on the "Dynamap/ZIP Code Boundary and Inventory Files" to process the Form 477 database. Welsh Decl., at ¶11. There are 30,097 ZIP codes included in the June 2006 version of the FCC database. *Id.*, at ¶17. Of these, 201 ZIP codes, or 0.67 percent, are designated as "unique" ZIP codes by a version of the Dynamap ZIP code table. *Id.* As with technology type, redacting these 201 ZIP codes should be a simple procedure. *Id.*, at ¶20.

Plaintiff moves this Court to alter or amend its judgment because of new evidence demonstrating (a) the factually incorrect basis for the argument that the "unique" 20554 ZIP code is included in the database, (b) that the number of "unique" ZIP codes included in the database is *de minimus*; and (c) that the "unique" ZIP codes can be readily redacted from disclosure. The District of Columbia Circuit has repeatedly made clear that all reasonably segregable nonexempt information must be disclosed. *See*, *e.g.*, Kimberlin v. Dep't of Justice, 139 F.3d 944, 950 (D.C. Cir. 1998); Schiller v. NLRB, 964 F.2d 1205, 1210 (D.C. Cir. 1992).

## CONCLUSION

This Court should alter or amend its judgment of August 27, 2007, with respect to Part V of the Form 477 database. Because of the lack of a likelihood of substantial competitive harm, this Court should order Defendant FCC to disclose the ZIP code records contained in Part V, with technology type redacted, and with the names of the providers for the 201 "unique" ZIP codes also redacted.

5

                                        Respectfully submitted,

                                        _____/s/_____

                                        Peter Newbatt Smith
                                        D.C. Bar #458244
                                        Center for Public Integrity
                                        910 17th Street, N.W., 7th Floor
                                        Washington, DC 20006-2606
                                        202-481-1239
                                        e-mail: psmith@publicintegrity.org

                                        Attorney for Plaintiff

September 11, 2007