UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Center for Public Integrity, | &#124; |
| Plaintiff, | &#124; |
| v. | &#124; Civil Action No. 06-1644 (ESH) |
| | &#124; ECF |
| Federal Communications Commission, *et al.*, | &#124; |
| Defendants. | &#124; |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

Plaintiff respectfully replies as follows:

**INTRODUCTION**

The Court has agreed with Defendants' arguments that the FCC's release of broadband provider information for "unique" ZIP codes would be likely to cause substantial competitive harm to filers. Slip Op. at 16. Plaintiff's Motion to Alter or Amend the Judgment presented evidence that these records, for unique ZIP codes, could be redacted and that the remaining records could be released. See Welsh Decl., at ¶ 20.

Failure to consider whether redaction is appropriate – that is, whether there is reasonably segregable nonexempt information – is clear error. *See*, *e.g.*, Kimberlin v. Dep't of Justice, 139 F.3d 944, 950 (D.C. Cir. 1998); Schiller v. NLRB, 964 F.2d 1205, 1210 (D.C. Cir. 1992).

**ARGUMENT**

**I.     Defendants have conceded that redaction is technically feasible.**

Defendant FCC contends that the FCC report in which Plaintiff found broadband providers reported for only 201 unique ZIP codes "is not indicative of the number of unique ZIP codes that … are included in the FCC's Form 477 database." FCC Opp. at 9. Nevertheless, the FCC presented no evidence of what that number is. Defendant-Intervenors AT&T, Verizon, and the United States Telecom Association characterize those 201 as "many unique ZIP codes,"

(Intervenors' Opp. at ¶ 5), whereas Plaintiff saw them as only 0.67 percent of the 30,097 ZIP codes in the June 2006 report. Pl.'s Memo at 5, citing Welsh Decl., at ¶ 17.

However, the number of unique ZIP codes has no relevance to the remedy. Whatever the number of unique ZIP codes in the FCC's Form 477 database, they can be redacted by an automated process. Welsh Decl., at ¶ 20. Defendants have not presented any evidence or argument to suggest that redaction is not technically feasible.

## II.     Redaction is adequate to address competitive harm concerns.

Defendants also argue that release of data for some other, non-unique ZIP codes would also cause competitive harm. *See* FCC Opp. at 9-10; Intervenors' Opp. at ¶ 6. This argument is entirely speculative and unsupported.

The FCC's concern is focused on "ZIP code[s] that cover[] a small area [or possess a] unique distribution of residences and businesses." FCC Opp. at 9, quoting FCC Response to the Court's August 6, 2007 Order at 3-4. Defendant FCC has cited no evidence supporting this concern, and the Defendant-Intervenors (Opp. at ¶ 6, n.7) cite only the FCC's argument. Even if Defendants had met their burden of showing that there is more than hypothetical competitive harm from releasing data for these ZIP codes, it would also be their burden to show that this data could not also be redacted.

## CONCLUSION

For the reasons argued above and in Plaintiff's Memorandum supporting its Motion to Alter or Amend the Judgment, the Court should order Defendant FCC to disclose the ZIP code records contained in Part V in redacted form.

        Respectfully submitted,

        /s/
---
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
e-mail: psmith@publicintegrity.org

Attorney for Plaintiff

October 5, 2007