**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**CENTER FOR PUBLIC INTEGRITY,**    )
                                        )
    **Plaintiff,**    )
                                        )
   **v.**    )    **Civil Action No.  06-01644 (ESH)**
                                        )
**FEDERAL COMMUNICATIONS**    )
**COMMISSION,**    )
                                        )
    **Defendant.**    )
_____ )

**MEMORANDUM OPINION AND ORDER**

  Plaintiff, a nonprofit public policy organization, filed this suit seeking disclosure under the Freedom of Information Act ("FOIA") of information provided to the Federal Communication Commission ("FCC") by providers of telecommunications and related services through a standardized form known as the "Form 477."  The FCC and the defendant-intervenors (the United States Telecom Association, AT&T Inc., and Verizon) opposed the disclosure of some of the requested information pursuant to FOIA Exemptions 4 and 6.  After considering the cross-motions for summary judgment, the Court issued a Memorandum Opinion on August 27, 2007.  *Center for Public Integrity v. FCC*, -- F.Supp.2d -- , 2007 WL 2411811 (D.D.C. Aug. 27, 2007).  Plaintiff now moves, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the Court's judgment.  For the following reasons, plaintiff's motion will be DENIED.

**ANALYSIS**

  "A motion for reconsideration . . . will not be lightly granted." *Mobley v. Cont'l Cas. Co.*,

1

405 F.Supp.2d 42, 45 (D.D.C. 2005). Reconsideration is only appropriate when "the moving party shows new facts or clear errors of law which compel the court to change its prior position." *Nat'l Ctr. for Mfg. Sci. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000). *See also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F.Supp.2d 23, 28 (D.D.C. 2001). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). *See also Katten v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

Plaintiff moves the Court to reconsider its conclusion that all data contained on Part V of the FCC Form 477 is exempt from disclosure under FOIA Exemption 4. *Center for Public Integrity*, 2007 WL 2411811, at *7. Part V of the form directs filers reporting broadband connections to list each zip code in which they provided each type of connection (*e.g.*, cable modem or satellite). *Id.* at *3. In addition, filers report each zip code in which they provide wireline or fixed wireless local telephone service to at least one end user. *Id.* at *3. Although effectively conceding that the disclosure of unredacted data from Part V would threaten substantial competitive harm, plaintiff maintained in its summary judgment motion that the FCC should be required to disclose zip code data after redacting the associated technology type. *Id.* at *7.

The Court rejected plaintiff's argument on two grounds. First, the Court credited defendant and defendant-intervenors' argument that analyzing the zip code data for a particular filer over time could reveal significant information about a filer's business strategy. This data would show where

2

customers had been acquired or lost and could provide information about a company's marketing strategy and overall financial health. *Id.* Furthermore, this information would alert competitors already servicing particular markets to new entrants and could help other competitors identify areas where competition is more likely to be successful. *Id.*

The Court also noted that because some entities are assigned unique zip codes, disclosure of zip code data would in some cases reveal the presence of an actual business relationship between a filer and a particular entity. This kind of information is significant because it could assist competitors in their efforts to target that customer. *Id.* On the basis of this analysis, the Court concluded that disclosure of redacted data from Part V would likely cause substantial competitive harm. *Id.*

In its motion for reconsideration, plaintiff concedes that the release of broadband provider information for unique zip codes would be likely to cause substantial competitive harm, but it argues that this information could be redacted and that the remaining records could be disclosed without causing substantial competitive harm. (Pl.'s Motion at 5.) Plaintiff argues that reconsideration is warranted on the grounds of the "new evidence" it presents, in the form of an affidavit from one of its employees, that the unique zip codes contained in Part V are easily redactable. (*Id.*) Putting aside the question whether in fact this new research constitutes new evidence,[1] plaintiff's basic argument essentially amounts to an argument that this Court has already addressed and rejected --- that no competitive harm would be caused by requiring the disclosure of the ZIP code data with the

---

[1] In fact, plaintiff offers no explanation for why its "new evidence" could not have been presented to the Court prior to the entry of judgment. (*See* Def. FCC's Opp'n at 8.) Plaintiff's failure to investigate a possible argument prior to the judgment does not make the results of its research "new evidence" for purposes of Rule 59(e).

technology type redacted.  This alone provides a sufficient basis for denying plaintiff's motion for

reconsideration.  "A motion for reconsideration will not be granted if a party is simply attempting

to renew factual or legal arguments that . . . [were] asserted in . . . [the] original briefs and that were

already rejected by the Court."  *Pearson v. Thompson*, 141 F.Supp.2d 105, 107 (D.D.C. 2001).

However, even if the Court were to reach the merits of plaintiff's claim, the outcome would

be no different.  Plaintiff argues that the Court applied a test of public availability of information

instead of the appropriate test of competitive harm. (Pl.'s Mot. at 3.)  In fact, the Court's decision

specifically articulated the competitive harm that would result from allowing competitors to analyze

the zip code data for a particular provider over time. *Center for Public Integrity*, 2007 WL 2411811,

at *7.  Plaintiff simply disagrees with the Court's assessment of the likelihood and extent of that

harm, in part perhaps, because plaintiff continues to characterize the data as evidence that "a

particular broadband provider does business within a particular ZIP code at a particular point in time

. . . ." (Pl.'s Mot. at 3.)  As the Court explained, the competitive harm does not arise from a

competitor's ability to view each year's filing in isolation.  Rather, it is the competitor's ability to

view trends for particular filer over time that would provide it with information about the filer's

business strategy and its financial health. *Center for Public Integrity*, 2007 WL 2411811, at *7.

Because plaintiff has not offered anything other than its own assessment that the disclosure of the

redacted data is "manifestly *unlikely* to cause competitive harm," (Pl.'s Mot. at 4),  its motion for

reconsideration will be denied for this reason as well. *See Rann v. Chao*, 209 F.Supp.2d 75, 83

(D.D.C. 2002) ("The plaintiff's disagreement with the court's analysis and conclusions does not

satisfy any of Rule 59(e)'s criteria for altering or amending the court's judgment.").

4

**CONCLUSION**

For the above reasons, plaintiff's Motion for Reconsideration [# 47] is DENIED.


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge


DATE: October 18, 2007